J-S35008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA
                                               :

                    v.                         :
                                             :
                                           :

JOSEPH LODUCA                      :
                                         :

             Appellant           :     No. 1312 MDA 2023

Appeal from the PCRA Order Entered September 13, 2023
In the Court of Common Pleas of Snyder County
Criminal Division at No(s):  CP-55-CR-0000308-2019

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:        **FILED JANUARY 21, 2025**

Joseph LoDuca appeals pro se from the order entered on September 13, 2023, in the Court of Comon Pleas of Snyder County, dismissing his Motion for Post-Conviction Collateral and Habeas Corpus Relief without a hearing. After careful review, we affirm.

This case is a procedural quagmire created by LoDuca's multiple pro se filings and appeals. We provide only the following pertinent facts that we can glean from the record. On January 13, 2020, LoDuca entered a counseled no-contest plea to simple assault[1] and terroristic threats.[2] On January 22, 2020, the trial court sentenced LoDuca to 199 days to two years less one day of incarceration with credit for time served on the count of terroristic threats and

---

[1] 18 Pa.C.S. § 2701(a)(3).

[2] 18 Pa.C.S. § 2706(a)(1).

one year of probation on the count of simple assault ("Original Sentence"). On the same day, LoDuca was sentenced on a separate docket to one year probation to run concurrently with the sentence on this docket. LoDuca was immediately paroled and did not appeal his sentence at that time.

On July 14, 2020, the trial court issued a bench warrant for LoDuca's arrest upon a motion from his probation officer, who alleged LoDuca had violated the terms of his probation. LoDuca filed a pro se motion to vacate his Original Sentence, alleging he had not agreed to the period of probation imposed. The trial court denied the motion as untimely on August 14, 2020.

On September 11, 2020, the trial court held a revocation hearing, during which LoDuca, while represented by counsel, stipulated to the probation violation and agreed to a revocation sentence of one to two years' incarceration on the count of simple assault to run concurrently with the parole sentence on the count of terroristic threats, with all credit for time served applied to the parole sentence for terroristic threats ("Revocation Sentence"). *See* Sentencing Order, 9/11/20.

LoDuca appealed from the Original Sentence on December 7, 2020, which this Court quashed as untimely.

On March 29, 2023, LoDuca filed the instant pro se motion for habeas corpus relief and for relief under the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. §§ 9541-9546.[3] On May 1, 2023, the PCRA court filed Rule 907 notice of its intent to dismiss the petition on the bases of lack of merit, untimeliness and because the issues raised were either previously litigated or waived. *See* 42 Pa.C.S.A. § 9545(b). LoDuca filed a timely response to the court's Rule 907 Notice, and the court dismissed LoDuca's motions on September 13, 2023.

LoDuca filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). The PCRA court filed its 1925(a) opinion on November 13, 2023. *See* Pa.R.A.P. 1925(a).

LoDuca raises the following issues for our review:

(1) Did the trial court abuse discretion on September 11, 2020, sentencing [LoDuca] without jurisdiction?

(2) Are any of the matters herein considered litigated under 42 Pa.C.S.[A. §] 9544?

(3) Is the record free from legal error?

    (a) Was the September 11, 2020, order vacating expired warrants, facially contradictory, an obvious and patent mistake?

(4) Did the trial court abuse discretion in not following precedential holdings cited in [LoDuca's] March 29, 2023, May 12, 2023, June 29, 2023, and September 18, 2023 filings?

---

[3] This is LoDuca's third PCRA petition. His first was filed on October 26, 2020, and it was dismissed for failure to comply with the Pennsylvania Rules of Civil Procedure. The second PCRA petition, filed on April 6, 2022, was dismissed as untimely.

(5) Did the trial court abuse discretion when it did not appoint counsel on [LoDuca's] first [PCRA], [filed October 26, 2020]?

(6) Did the trial court abuse discretion when it did not enter an order of Habeas Corpus, when the Pa. D.O.C., breached the plea agreement, due to the ambiguous interplay in pleading "no contest" and D.O.C. requirements to parole?

Appellant's Brief, at 6 (emphasis and suggested answers omitted; issues renumbered for ease of disposition).

Regardless of his phrasing of his questions, LoDuca's claim is that the PCRA court erred in denying his March 29, 2023 motion. In his first through fifth issues, LoDuca challenges the denial of PCRA relief, by disputing the legality of his Revocation Sentence and his lack of PCRA counsel. In his sixth issue he maintains the court erred in denying habeas corpus relief because the D.O.C. breached the plea agreement.

Pursuant to Section 9542 of the PCRA, the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies …, including habeas corpus …." 42 Pa.C.S.A. § 9542. Therefore, the writ of habeas corpus is only available as a remedy in cases where the claim for collateral relief is not cognizable under the PCRA. **See Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013).

LoDuca's claims regarding the legality of his Revocation Sentence and the alleged lack of counsel for his first PCRA are cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2); **see Commonwealth v. Prinkey**, 277 A.3d 554, 560 (Pa. 2022) ("challenges to the legality of a sentence fall within the purview

of the PCRA"); *see Commonwealth v. Kutnyak*, 781 A.2d 1259, 1262-63 (Pa. Super. 2001) (considering claim that PCRA petitioner was not provided assistance of counsel on his first PCRA petition). However, "[a] collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." *Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa. Super. 2019) (citations omitted).

We will address LoDuca's PCRA claims first.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error. Furthermore, a court's decision to deny a PCRA claim without a hearing may only be reversed upon a finding of an abuse of discretion." *Commonwealth v. Min*, 320 A.3d 727, 730 (Pa. Super. 2024). "This Court may affirm a PCRA court's order on any legal basis. Moreover, it is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Pridgen*, 305 A.3d 97, 101 (Pa. Super. 2023) (citations, quotation marks, and brackets omitted).

It is well-settled that [a] PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. *See* 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

review." 42 Pa.C.S.A. § 9545(b)(3). Upon a court's revocation of a petitioner's probation or parole and subsequent resentencing, the petitioner's period for seeking PCRA relief "runs for one year from the conclusion of direct review of that new sentencing order, but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) (citation and emphasis omitted).

Here, LoDuca's Revocation Sentence was imposed on September 11, 2020, and he filed untimely motions to vacate and Reconsider the Revocation Sentence on October 26th and 30th, respectively. Because the post-sentence motions were untimely, they did not toll the 30-day period for filing a direct appeal, and the deadline for a direct appeal of that sentence was October 9, 2020. **See Commonwealth v. Balance**, 203 A.3d 1027, 1032 (Pa. Super. 2019). Instead, he filed a direct appeal on December 7, 2020, which this Court quashed as untimely. Accordingly, LoDuca's sentence became final on October 9, 2020, and he had one year from that date within which to file a timely PCRA petition. **See id.** Therefore, this PCRA petition, filed on March 29, 2023, is patently untimely, and we are unable to reach its merits unless he pleads and proves one of the timeliness exceptions: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. **See** 42 Pa.C.S.A. § 9545(b)(1)-(3).

Instantly, LoDuca has failed to plead and prove any timeliness exceptions in his brief to this Court. In its November 8, 2023, opinion, the PCRA court observed that LoDuca

> claims violations of constitutional rights afforded him. He begins by stating there is no time bar to allege a violation of his constitutionally protected rights.[a] Petitioner is incorrect in this assertion. Furthermore, none of the claimed violations of constitutional rights fall within the legislated exception. 42 Pa.C.S.A. § 9545 allows a late filing alleging a violation of a constitutional right if the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. [42 Pa.C.S.A.] § 9545(b)(1)(iii). Petitioner has not alleged that there have been any new recognized rights found by the [C]ourt to apply retroactively to Petitioner's situation which occurred in the sixty days preceding March 29, 2023. Defendant's PCRA claims are devoid of any merit, are untimely, and waived.
>
> > [a] Paragraphs 1, 3, 4, 5, 6, 8, 9 and 10 all include violations of Constitutional rights afforded [LoDuca] which occurred more than two years prior to the filing of his petition.

PCRA Court Opinion, 11/13/23, at 5-6 (emphasis omitted).

Our review of the record confirms the PCRA court's conclusion. Moreover, even if LoDuca pleaded a timeliness exception, the PCRA court explained its decision to dismiss the PCRA without a hearing as follows:

> Petitioner filed the instant Motion on March 29, 2023. Upon a thorough review of the record, the Court finds that the claims raised have all been raised in repeated and multiple filings to this Court and to the Superior Court. Many of the claims have been untimely filed under the Pennsylvania Rules of Appellate procedure and/or waived as a result of a discontinuance of the Appeal. Petitioner raises these claims yet again in his March 27, 2023 dated filing.

Trial Court Opinion, 5/1/23 at 3.

Therefore, based on our independent review of the record, we discern no abuse of discretion by the PCRA court in denying LoDuca's claims without a hearing. LoDuca is not entitled to relief on his PCRA claims.[4]

We now turn to LoDuca's habeas corpus issue. LoDuca alleges the trial court abused its discretion when it did not enter an order of habeas corpus because the D.O.C. breached his no contest plea agreement by making his eligibility for parole dependent upon completion of programming that would require him to "take personal responsibility for his actions," which in his view, is the functional equivalent of "admitting guilt." Appellant's Brief, at 6.

_____

[4] We note LoDuca's claim regarding the appointment of counsel for his October 26, 2020 PCRA petition is disingenuous. As observed by a prior panel of this Court:

> After Loduca filed his appeal, this Court remanded the matter to the trial court to determine his eligibility for the appointment of counsel for his first [PCRA] petition. **See** Order, 12/22/21 (citing Pa.R.Crim.P. 904(C)); 42 Pa. C.S. §§ 9541 *et seq*. The trial court determined that he was indigent and appointed counsel without a hearing. Loduca filed several letters and notices with this Court indicating his intention to proceed *pro se* and appointed counsel moved to withdraw as a result. Following a second remand from this Court, the trial court conducted a hearing on March 7, 2022, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and determined that Loduca had knowingly and voluntarily elected to proceed *pro se*.

**Commonwealth v. LoDuca**, 283 A.3d 394, at *1 n.1 (Pa. Super. filed July 26, 2022) (unpublished memorandum).

"Habeas corpus is an extraordinary remedy and is available after all other remedies have been exhausted or ineffectual or nonexistent." **Commonwealth v. Smith**, 194 A.3d 126, 138 (Pa. Super. 2018) (emphasis and citation omitted). Because contract interpretation is a question of law, "our standard of review … is *de novo* and to the extent necessary, the scope of our review is plenary." **Kerns**, 220 A.3d at 612 (quotation marks, brackets, and citation omitted). "In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement." **Commonwealth v. Fernandez**, 195 A.3d 299, 308 (Pa. Super. 2018) (citation omitted).

The trial court did not abuse its discretion by denying LoDuca's request for habeas corpus relief. First, and most importantly, as the trial court aptly noted, "neither the Department of Corrections, nor the Probation and Parole Department were parties to the plea agreement. They therefore cannot violate an agreement they did not participate in." Trial Court Opinion, 5/1/23, at 6; **see Kerns**, 220 A.3d at 611-12. Second, LoDuca failed to cite legal authority in support of his motion for habeas corpus. Accordingly, we will not address this claim further. **Commonwealth v. Wright**, 314 A.3d 515, 523 (Pa. Super. 2024). (If appellant does not provide "case law supporting [] right to relief, this Court will not address the issue on appeal.") (citation omitted). Lastly, again as pointed out by the trial court, this issue was first raised by LoDuca in a pleading filed on January 5, 2023, and subsequently denied by the trial court

on January 6, 2023. No appeal was taken from that order; therefore, this issue is not properly before the Superior Court.

Even if this Court attempted to address the merits of this claim it must fail because LoDuca has neither alleged nor properly pleaded sufficient facts to substantiate the manner in which the Department of Corrections or the Probation and Parole Department violated his rights.

For the foregoing reasons, LoDuca is due no relief, and we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/21/2025