J-S40013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN RILEY | : | |
| | : | |
| Appellant | : | No. 494 EDA 2024 |

Appeal from the PCRA Order Entered January 4, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0706842-1994

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 21, 2025**

Appellant, Nathan Riley, appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background is not at issue here.  Briefly, on November 16, 1995, following a jury trial, Appellant, who was 16 years old at the time, was found guilty of first-degree murder, robbery, aggravated assault, recklessly endangering another person, possessing an instrument of crime, and a weapons' offense.  He was sentenced immediately thereafter to mandatory life imprisonment.  This Court affirmed the judgment of sentence on September 12, 1996, and the Supreme Court of Pennsylvania denied allowance of appeal on April 29, 1997.

Appellant filed his first PCRA petition on August 25, 1999, which was dismissed as untimely. Appellant's appeal to this Court was dismissed for failure to file a brief. He filed his second PCRA petition on July 23, 2002, which was also dismissed as untimely. This Court affirmed the dismissal on October 29, 2004, and our Supreme Court denied allowance of appeal. While Appellant's second PCRA petition was pending appeal, he filed a third petition that was denied because the PCRA court lacked jurisdiction. Appellant's fourth PCRA petition was filed on June 14, 2005, and dismissed as untimely. This Court affirmed the dismissal on April 7, 2008.

On March 24, 2016, Appellant filed his fifth PCRA petition challenging the legality of his sentence in accordance with *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190 (2016). *Miller* held that life sentences for juvenile offenders was against the 8th Amendment's prohibition against cruel and unusual punishment. *Montgomery* held that the decision in *Miller* applied retroactively. The PCRA court granted Appellant's petition on June 27, 2018, and imposed a new sentence of 25 years to life imprisonment. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal.

Appellant filed his first PCRA petition following his new sentence, sixth overall, on June 18, 2020, which was dismissed by the PCRA court. This Court dismissed Appellant's appeal for failing to file a docketing statement. On October 17, 2023, Appellant filed his second PCRA petition following his new sentence, seventh overall, raising two claims. The first is an after-discovered

evidence claim based upon the certification of Matthew D. Blum, Esquire, Appellant's advocate when he was charged with the instant crimes. The certification, which is dated May 8, 2013, states

> that [Blum] went with [Appellant] to the Homicide Unit on June 17, 1994, as his court-appointed legal guardian where they both met with Detective Albert Maahs to discuss the murder that occurred in [Appellant's] case. Blum states that [Appellant] was not initially read his **Miranda**[1] rights when Detective Maahs began speaking with him. At some point during the interview, Blum informed Detective Maahs that he was not a criminal lawyer and that one should be provided to [Appellant]. Blum then left the interview.

Trial Court Opinion, 1/3/24, at 6. Appellant states that he was coerced into giving a statement implicating himself and two others in the murder after Blum left the interview.

The second claim is that the Commonwealth committed multiple **Brady**[2] violations, including allegations of misconduct against Detectives William Egenlauf and Dennis Dusak, handwritten notes from a police file in an unrelated case, the failure to include a negative result from a fingerprint comparison between Appellant and a print left on a vehicle, and the failure to include information regarding a meeting on June 7, 1994 between Detective Maahs and an alleged informant in this case. The PCRA court dismissed the

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

petition as untimely.  This appeal follows.  Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises two issues for our review:

1. Whether [Appellant] is entitled to relief in the form of a new trial as the result of after-discovered evidence?

2. Whether [Appellant] is entitled to relief in the form of a new trial as the result of newly-discovered evidence?

Appellant's Brief, at iii.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **See, e.g., Commonwealth v. Albrecht**, 994 A.2d 1091 (Pa. 2010).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.[3]  42 Pa.C.S.A. § 9545(b)(1).  "The PCRA's time restrictions are jurisdictional in nature.  Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claim." **Commonwealth v. Chester**, 895 A.2d 520,

---

[3] For an exception to apply, a petitioner must (1) plead and prove one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising the exception within one year from the date on which the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether Appellant's petition was timely before we are permitted to address the substantive claims. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

The instant petition is untimely on its face. Since Appellant's claims are related to the guilt phase of his trial, and not his resentencing, our analysis regarding timeliness begins with the judgment of sentence imposed on November 16, 1995. **See Commonwealth v. Min**, 320 A.3d 727, 731-32 (Pa. Super. 2024) (holding that a petitioner may file a PCRA petition asserting claims related only to the resentencing proceedings within one year of the date that the new judgment of sentence becomes final). Appellant's original judgment of sentence was affirmed by this Court on September 12, 1996, and our Supreme Court denied allowance of appeal on April 29, 1997. As a result, the judgment of sentence became final on or about July 28, 1997, upon expiration of the ninety-day period to seek review with the Supreme Court of the United States. Therefore, Appellant had one year – until July 28, 1998 – to file a timely PCRA petition. The instant petition was filed on October 17, 2023, over 25 years after the judgment of sentence became final.

Here, the PCRA court denied Appellant's petition as untimely, finding that (1) he failed to plead and prove an exception for the claim regarding

Attorney Blum; and (2) he failed to satisfy the newly discovered fact exception regarding his **Brady** claims. Trial Court Opinion, 1/4/24, at 7-8.

Appellant admittedly does not plead the newly discovered facts exception regarding his first claim. Appellant's Brief, at 1. Rather, he asserts a ground for relief – after-discovered evidence[4] – and not an exception to the timeliness requirement. As timeliness is separate and distinct from the underlying claim for relief, we may not address the merits unless Appellant pleads and prove an exception to the timeliness requirement. **See Chester, supra.** As the instant PCRA petition is untimely, and Appellant failed to plead an exception, the trial properly denied the claim as untimely.

Even if we construe Appellant's first claim as an exception, he failed to satisfy the newly discovered fact exception as the PCRA court aptly explained:

> As [Appellant was present at this interview, he knew all the facts contained in Blum's certification on June 17, 1994. In [Appellant's] own certification attached to his petition dated June 22, 2023, [Appellant] acknowledges that he was aware of all these facts. [Appellant] also acknowledges that his trial counsel filed a Motion to Suppress his statement before trial, which was denied, and that he raised this issue on direct appeal, but was not granted relief.
>
> [Appellant] also raised this same issue challenging the voluntariness of his statement in his last *pro se* PCRA petition filed on June 18, 2020, and attached an affidavit from Blum dated September 14, 2019. In that affidavit, Blum answered specific questions asked by [Appellant] and asserted that he was present

---

[4] To be eligible for relief on an after-discovered claim, the petitioner must prove "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(2)(vi).

during the interrogation with [Appellant] was read his **Miranda** warnings by Detective Maahs and [Appellant] stated he wished to remain silent and speak with an attorney. . . . Since the facts forming the basis of his after-discovered evidence claim were known to him for years before June 22, 2023, [Appellant's] claim does not satisfy the newly-discovered fact exception.

Trial Court Opinion, 1/4/24 at 6-7. We agree with the PCRA court's analysis, which is supported by the record. Thus, no relief is due on this claim.

Regarding Appellant's **Brady** claims, the PCRA court found he failed to satisfy the newly discovered fact exception because he did not "assert when he discovered these facts or explain how he could not have obtained these facts earlier through the exercise of due diligence."[5] **Id.** at 8. After reviewing the record, the PCRA court correctly concluded that Appellant failed to assert *when* he discovered the facts which form the bases for his **Brady** claims. He generally asserted that "the corruption of homicide detectives was unknown and essentially unfathomable in 1994, but we know all too well now that this misconduct was plentiful and all too normal." PCRA Petition, 10/17/23, at ¶ 18. He further claimed that "[t]he newly discovered evidence was obtained through the efforts of Jerome M. Brown, Esquire, counsel for co-defendant Darrell Wallace, and was unknown to [Appellant] prior to Mr. Brown, Esquire, sharing this evidence." **Id.** at ¶ 35. Yet, he does not state *when* Attorney

_____

[5] **Brady** claims are commonly raised in conjunction with the governmental interference exception to the timeliness requirement. However, such claims also have been raised in conjunction with the newly discovered fact exception. **See Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005); **Commonwealth v. Towles**, 300 A.3d 400, 415-17 (Pa. 2023).

Brown provided him the information with respect to his ***Brady*** claims. Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/21/2025