J-S16029-25                    2025 PA Super 133

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
LOWELL KENNETH THOMAS, II       :
                                :
            Appellant           :    No. 1417 MDA 2023

Appeal from the PCRA Order Entered September 12, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007549-2015


BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

OPINION BY BOWES, J.:                        **FILED JUNE 30, 2025**

Lowell Kenneth Thomas, II, appeals *pro se* from the order that dismissed his motion to set aside his illegal sentence as an untimely petition for relief under the Post Conviction Relief Act ("PCRA").  We affirm.

The history of this matter is as follows.  On August 21, 2018, Appellant entered *nolo contendere* pleas to corrupt organizations, home improvement fraud, and theft by failure to make required disposition of funds, in exchange for an aggregate term of twenty years of probation.  The court also ordered restitution as part of his sentence.  Appellant did not appeal.  The court later amended restitution on May 14, 2019, to the sum of $814,370.94.

Thereafter, Appellant violated the terms of his probation by failing to make his scheduled restitution payments and receiving an additional criminal charge in an unrelated matter.  At the ensuing violation hearing, the court

resentenced Appellant to twenty to forty months of imprisonment, followed by twenty years of probation, and maintained the order of restitution as part of his judgment of sentence. Appellant filed a motion for reconsideration of sentence, which the court denied. He thereafter appealed to this Court, and we quashed the appeal as untimely.

On December 6, 2022, Appellant filed the motion that is the subject of the instant appeal with the assistance of counsel. Therein, he asserted that his sentence was illegal because the court did not consider Appellant's ability to afford restitution payments. Specifically, Appellant claimed that 42 Pa.C.S. § 9754 (effective through Dec. 17, 2019), which governs orders of probation, required the court "to consider his ability to pay . . . prior to imposing restitution as a condition of his probationary sentence[.]"[1] Amended Motion to Set Aside Illegal Sentence, 12/6/22, at ¶ 5(e).

The trial court treated Appellant's motion as a petition pursuant to the PCRA and issued a Pa.R.Crim.P. 907 notice of intent to dismiss it without a hearing as untimely. The court explained that since Appellant challenged the legality of his sentence, his claim was cognizable under the PCRA. Further,

_____

[1] As discussed *infra*, § 9754 does not apply to this case where the court ordered restitution as part of Appellant's sentence rather than as part of an order of probation. Nevertheless, Appellant asserted that, at the time that the court amended the restitution order, § 9754 stated that the court may impose restitution as a condition of probation "in an amount [a defendant] can afford to pay[.]" 42 Pa.C.S. § 9754 (effective through Dec. 17, 2019). The current version of that provision omits this requirement.

- 2 -

Appellant filed the petition beyond the PCRA's one-year time bar, and he did not raise any timeliness exceptions.

Appellant responded to the Rule 907 notice by contending that in accordance with 18 Pa.C.S. § 1106(c)(3), which governs mandatory restitution as part of a judgment of sentence, the trial court may amend a restitution order at any time. Therefore, he maintained that he sought relief outside the strictures of the PCRA. Unpersuaded, the court authored an opinion and order dismissing Appellant's filing as an untimely PCRA petition. Importantly, it determined that even if the motion was not properly treated as a PCRA petition, Appellant's underlying claim was nonetheless without merit.

Appellant appealed *pro se*. After this Court remanded for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the trial court confirmed Appellant's desire to proceed without counsel and ordered him to file a Pa.R.A.P. 1925(b) statement. Appellant asserted a plethora of issues, only a few of which related to his underlying motion to set aside his illegal sentence.[2] **See** 1925(b) statement, 11/15/23, at ¶¶ 2(a)-(b). Notably,

---

[2] Among other things, Appellant raised various claims about due process, equal protection, bias, corruption, and conspiracy. However, none of these issues was included in Appellant's motion or his Rule 907 response. Accordingly, they have been waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Edmiston**, 851 A.2d 883, 889 (Pa. 2004) ("Claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal to this Court.").

Appellant also insisted, without further explanation, that he had discovered new facts that would exonerate him. *Id*. at ¶ 10(n). In its Rule 1925(a) opinion, the court reaffirmed its conclusion that Appellant's motion was an untimely PCRA petition, and he did not prove that he met a timeliness exception. *See* Trial Court Opinion, 12/12/23, at 2.

On appeal to this Court, Appellant states more than ten issues for review, which are written in lengthy paragraph form. For ease of disposition, we distill his arguments into one question relating to the court's dismissal of his filing. Essentially, Appellant asks whether the court erred in treating the motion to set aside his illegal sentence as an untimely PCRA petition where § 1106 confers jurisdiction on the court to alter or amend an order of restitution at any time. *See* Appellant's brief at unnumbered 16-17.

We begin with the applicable legal principles. This Court reviews the denial of a PCRA petition "to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." *Commonwealth v. Min*, 320 A.3d 727, 730 (Pa.Super. 2024). We are "to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." *Commonwealth v. Hagan*, 306 A.3d 414, 421-22 (Pa.Super. 2023). Additionally, we note that "[t]he designation of the petition does not preclude a court from deducing the proper nature of a pleading." *Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa.Super. 2020).

The PCRA court and the Commonwealth maintain that Appellant's motion challenged the legality of his sentence. *See* Opinion and Order, 9/12/23, at 1-2; Commonwealth's brief at l-n. Such claims are cognizable under the PCRA and therefore subject to its timeliness requirements. *See, e.g., Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019) (noting that the legality of a sentence is always subject to review through a timely PCRA petition). However, as mentioned, Appellant submits that § 1106 allows the trial court to modify restitution orders outside the confines of the PCRA and at any time. *See* Appellant's brief at unnumbered 17-18.

As this Court has explained:

> In the context of a criminal case, restitution may be imposed either as a direct sentence, [§ 1106], or as a condition of probation, [§ 9754]. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. Thus, the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation.

*Commonwealth v. Hall*, 80 A.3d 1204, 1215 (Pa. 2013) (cleaned up). The trial court is also obligated to "state in the sentencing order . . . whether the restitution has been imposed as a part of the sentence and/or as a condition of probation." Pa.Code 705.1(B)(6).

Courts have "discretion to impose conditions of probation," such as restitution. *Hall*, 80 A.3d at 1215. The "conditions must be reasonable and

devised to serve rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of future law-abiding conduct." *Id*. Contrarily, when the court imposes restitution as part of a sentence, it is not afforded autonomy. *See Commonwealth v. Rapp*, 331 A.3d 17, 24 (Pa.Super. 2025) ("[A] sentencing court is required to impose restitution as a sentence upon conviction of a crime when the victim's property has been substantially decreased in value as a direct result of the crime."). In that vein, § 1106 provides, in pertinent part, that "[t]he court shall order full restitution . . . [r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." 18 Pa.C.S. § 1106(c)(1)(i).

With respect to modification of restitution orders, § 1106 states that:

(3) The court may, **at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, **alter or amend** any order of restitution.

18 Pa.C.S. § 1106(c) (emphasis added). Thus, we have explained that § 1106(c)(3) "permit[s] a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court[,]" and "creates an independent cause of action." *Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa.Super. 2014). Accordingly, motions to modify restitution orders imposed pursuant to § 1106 are not subject to typical post-sentence timeliness constraints. *Id*.

Based on these principles, this Court has held, albeit in non-precedential decisions, that trial courts have improperly treated motions seeking to vacate illegal restitution orders as untimely PCRA petitions. *See Commonwealth v. Succi*, 293 A.3d 643, 2023 WL 2252031 (Pa.Super. 2023) (non-precedential decision); *Commonwealth v. Fetterolf*, 270 A.3d 1118, 2021 WL 5756401 (Pa.Super. 2021) (non-precedential decision); *but see Commonwealth v. Sigman*, 241 A.3d 452, 2020 WL 6194409 (Pa.Super. 2020) (non-precedential decision) (holding that the trial court correctly treated the appellant's petition for a hearing to determine his ability to pay restitution as an untimely PCRA petition).

Consequently, we agree with Appellant that the trial court erred in treating his motion as an untimely PCRA petition.[3] As stated, § 1106(c) permitted Appellant to seek modification of his restitution order with the trial court "at any time[.]" 18 Pa.C.S. § 1106(c)(3). In his motion, Appellant postulated that the restitution order was illegal, and should be modified, because the court did not consider his ability to pay pursuant to § 9754.

_____

[3] If Appellant had sought relief pursuant to the PCRA, the court would have been correct in dismissing the petition as untimely because his filing was beyond the one-year time bar and he failed to raise an exception therein. *See Commonwealth v. Mickeals*, ___ A.3d ___, 2025 WL 1122104, at *4 (Pa.Super. April 16, 2025) (holding that where a PCRA petition "is untimely, and none of the timeliness exceptions [is] met, courts do not have jurisdiction to address the substance of the underlying claims"); *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super. 2007) ("[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal.").

Accordingly, he sought relief outside the ambit of the PCRA, and his motion was not subject to its time constraints.

Nevertheless, we may affirm the decision of a trial court on any basis. **See Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa.Super. 2018) ("[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it."). Contrary to Appellant's position, the court expressly ordered restitution as part of Appellant's sentence, not as a condition of probation. **See** Order, 5/14/2019. Thus, § 1106, rather than § 9754, is the governing framework. **See Clark**, 257 A.3d at 1268. That law requires the court to impose restitution without regard to Appellant's financial resources. **See** 18 Pa.C.S. § 1106(c)(1)(i). Since Appellant's sole basis for his request for modification was that the court failed to consider his ability to pay, Appellant has supplied no basis to find fault in the trial court's refusal to disturb the restitution component of his sentence.

As such, it is apparent from the record that Appellant's motion presented no viable claim for relief. Therefore, it was properly dismissed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2025