J-S07010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL GLICK BEILER | : | |
| | : | |
| Appellant | : | No. 1128 MDA 2024 |

Appeal from the Order Entered July 10, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000319-2021

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 10, 2025**

Appellant Daniel Glick Beiler appeals *pro se* from the order denying his petition for writ of mandamus. After careful consideration, we vacate the order and remand for further proceedings consistent with this memorandum.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> On August 13, 2021, [Appellant] on criminal information 319-2021 pled guilty to one (1) count of sexual assault, one (1) count of statutory sexual assault, two (2) counts of involuntary deviant sexual intercourse, one (1) count of unlawful contact with a minor (F-1), one (1) count of incest, four (4) counts of indecent assault, two (2) counts of corruption of minors, one (1) unlawful contact with a minor (F-3), and two (2) counts indecent assault without consent of other.[FN1] On November 29, 2021, Appellant was sentenced to an aggregate sentence of ten (10) to thirty (30) years' incarceration.
>
> > [FN1] 18 Pa.C.S. § 3124.1, 18 Pa.C.S. § 3122.1, 18 Pa.C.S. § 3123(a)(7), 18 Pa.C.S. § 6318(a)(1), 18 Pa.C.S. § 4302, 18 Pa.C.S. § 3126(a)(7), 18 Pa.C.S. § 6301(a)(1)(ii), 18 Pa.C.S. § 6318(a)(1), 18 Pa.C.S. § 3126(a)(8).

> On December 2, 2021, Appellant filed a post-sentence motion for modification of sentence, which was denied the same day. On November 27, 2022, Appellant filed a [petition for relief pursuant to the Post Conviction Relief Act[1] (PCRA)]. After filing an amended PCRA [petition], this court granted Appellant's PCRA [petition] on June 12, 2023. . . . [O]n August 7, 2023, Appellant was [resentenced] to an aggregate term of eight (8) to twenty (20) years' incarceration.
>
> On July 2, 2024, Appellant filed a [*pro se*] writ of mandamus, which was denied on July 10, 2024.

Trial Ct. Op., 10/28/24, at 1-2 (unpaginated) (formatting altered). Appellant filed a timely *pro se* appeal,[2] and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Did the [trial] court err when it denied the writ of mandamus, without holding an evidentiary hearing?

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that when Appellant filed his *pro se* writ of mandamus on July 2, 2024, Mary Jean Glick, Esq. (PCRA counsel),[2] remained counsel of record. PCRA counsel filed a motion to withdraw on July 18, 2024, after the trial court denied Appellant's *pro se* writ of mandamus. **See** Mot. to Withdraw, 7/18/24. On August 9, 2024, Appellant filed a *pro se* notice of appeal. On August 12, 2024, the trial court granted PCRA counsel's motion to withdraw. **See** Order, 8/12/24. In this Commonwealth, hybrid representation is not permitted. **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). However, although Appellant had counsel of record when he filed his notice of appeal, this Court has explained that an appellant's timely *pro se* notice of appeal perfects the appeal. **See id.** at 623-24; **see also Commonwealth v. Hopkins**, 228 A.3d 577, 581 (Pa. Super. 2020); **see also Commonwealth v. Muniz-Ruiz**, 800 MDA 2020, 2021 WL 462366, at *1 n.3 (Pa. Super. filed Feb. 9, 2021) (unpublished mem.) (providing that a *pro se* notice of appeal from a counseled appellant perfects an appeal). Accordingly, Appellant's timely *pro se* notice of appeal perfected this Court's appellate jurisdiction. **See Commonwealth v. Dukes**, 1917 EDA 2019, 2022 WL 2160692, at *1 n.4 (Pa. Super. filed Jun. 15, 2022) (unpublished mem.).

2. Did the [trial] court err when it failed to address the merits of the issues submitted?

3. Did the [trial] court err when it failed to return an answer to the writ?

4. Did the [trial] court err when it failed to grant relief based on 42 Pa.C.S. [§] 5108(b) and [42 Pa.C.S. §] 9546?

5. Did the [trial] court err when it denied relief based on [Appellant's] constitutional provisions quoted therein?

6. Did the [trial] court err when it failed to provide the documentation requested by [Appellant]?

7. Did the [trial] court err when it failed to give a reason for it[]s denial of the writ?

Appellant's Brief at 5 (unpaginated) (formatting altered).

In his *pro se* writ of mandamus, although at times difficult to comprehend, Appellant asserted claims of double jeopardy, argued that his sentence is illegal, and contended that he is being unlawfully detained. ***See*** Writ of Mandamus, 7/8/24, at 2-3. Appellant also claims that he "paid in full the confine[]ment conditions" and that he cannot be imprisoned for a debt under 42 Pa.C.S. § 5108, and he claims that he is entitled to relief under Section 9546 of the PCRA (42 Pa.C.S. § 9546).[3] ***See id.*** at 2; ***see also*** Appellant's Brief at 10 (unpaginated). Appellant further asserts that he is being detained illegally and in violation of the United States Constitution. ***See*** Appellant's Brief at 10-11 (unpaginated).

---

[3] We note that while Appellant argues that his writ of mandamus falls outside the PCRA, he also specifically seeks relief under Section 9546 of the PCRA. ***Compare*** Appellant's Brief at 9 (unpaginated), ***with id.*** at 10 (unpaginated).

The Commonwealth argues that Appellant's writ of mandamus is an untimely second PCRA petition from Appellant's initial judgment of sentence entered on November 29, 2021. **See** Commonwealth's Brief at 5-6. Accordingly, the Commonwealth contends that the trial court lacked jurisdiction to consider Appellant's filing. **See id.** at 6-7.

We note that challenges to the legality or constitutionality of a sentence are cognizable under the PCRA. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999); **see also** 42 Pa.C.S. § 9542 (claims challenging legality of sentence cognizable under PCRA); **id.** at § 9543(a)(2)(i) (claims challenging constitutionality of sentence cognizable under PCRA). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition . . . . Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Hagan**, 306 A.3d 414, 421-22 (Pa. Super. 2023) (citations omitted and formatting altered). Accordingly, because Appellant's writ of mandamus challenged the legality and constitutionality of his sentence, we conclude that the trial court should have treated Appellant's writ of mandamus as a PCRA petition. **See**, **e.g.**, **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition" (citation omitted and formatting altered)); **see also** 42 Pa.C.S. § 9542 (stating that the PCRA "shall be the sole means of obtaining collateral relief").

Further, because we conclude that Appellant's writ of mandamus should have been treated as a PCRA petition, "[b]efore reaching the merits of Appellant's claims, we must first consider whether counsel should have been appointed to represent him in litigating his [PCRA] petition before the PCRA court." **Commonwealth v. Min**, 320 A.3d 727, 730 (Pa. Super. 2024).

> It is undisputed that first-time PCRA petitioners have the right to counsel under our Rules of Criminal Procedure. **See** Pa.R.Crim.P. 904. Moreover, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002). In cases that appear to be untimely, counsel is principally appointed to determine whether any exceptions to the timeliness requirements of the PCRA apply. **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011). As our Supreme Court has stated, "The denial of PCRA relief **cannot stand** unless the petitioner was afforded the assistance of counsel." **Commonwealth v. Albrecht**, [720 A.2d 693, 699 (Pa. 1998)] (citation omitted; emphasis added).

**Id.** (emphasis in original).

Generally, in order to invoke this Court's jurisdiction, a PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless the petition alleges and the petitioner proves an exception to the general one-year filing deadline. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking an exception pursuant to Section 9545(b)(1) must be filed within one year of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2).

As noted, Appellant filed a first PCRA petition on November 27, 2022, which resulted in the trial court imposing a new sentence on August 7, 2023.

Therefore, chronologically, Appellant's writ of mandamus would be a second PCRA petition.

We are cognizant that, generally, a successful PCRA petition that results in a new sentence does not reset the clock for purposes of the PCRA. **See Commonwealth v. McKeever**, 947 A.2d 782, 785-86 (Pa. Super. 2008) (explaining that a "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only" (citation omitted)).

However, a successful first PCRA that results in new sentence **does** reset the clock for PCRA purposes where the issues are limited to challenges to the newly imposed sentence. **See Min**, 320 A.3d at 730, 732 (stating that "[i]mportantly, because the earlier proceeding resulted in [a]ppellant being resentenced, the at-issue PCRA petition is the first attack by [a]ppellant on his new . . . sentence" and where the appellant "was resentenced, **he may challenge that new sentence under the PCRA**" (citation omitted and emphasis added)); **see also Commonwealth v. Faust**, 1254 EDA 2020, 2020 WL 7040974, at *2 (Pa. Super. filed Dec. 1, 2020) (unpublished mem.) (acknowledging the limits and holding from **McKeever** and stating that "a petitioner may file a PCRA petition asserting claims related to resentencing proceedings within one year of the date that the new judgment of sentence

becomes final." (citing ***Commonwealth v. Lesko***, 177, 15 A.3d 345, 374 (Pa. 2011))).

Moreover, as stated in ***Min***, Appellant has a rule-based right to counsel in a first PCRA petition to address issues involving the new sentence. ***See Min***, 320 A.3d at 732; ***see also Faust***, 2020 WL 7040974, at *2 (stating that where an "[a]ppellant's current petition effectively amounts to a 'first' [PCRA] petition challenging his resentencing . . . the [trial] court should have appointed counsel to assist [the a]ppellant" (citations omitted)); Pa.R.Crim.P. 904(C). Further, we note that any assessment concerning the timeliness of Appellant's current PCRA petition would be premature at this juncture because Appellant has not had the benefit of the assistance of counsel. ***See Faust***, 2020 WL 7040974, at *2.

In sum, the record reflects that after Appellant successfully litigated his first PCRA petition, the trial court imposed a new sentence on August 7, 2023. ***See*** Sentencing Order, 8/7/23. Thereafter, on July 2, 2024, Appellant filed a *pro se* writ of mandamus challenging the constitutionality and legality of the new sentence. Because Appellant's claims were cognizable under the PCRA, his writ of mandamus should have been treated as a first PCRA petition with respect to his new sentence. ***See Fahy***, 737 A.2d at 223; ***Hagan***, 306 A.3d at 421-22; ***Jackson***, 30 A.3d at 521. Therefore, Appellant had a rule-based right to counsel. ***See Min***, 320 A.3d at 732; Pa.R.Crim.P. 904(C). For these reasons, we vacate the order denying Appellant's writ of mandamus and remand for the appointment of counsel, or for a hearing pursuant to

*Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), so that Appellant may appropriately waive his right to counsel, and to permit the filing of an amended PCRA petition limited to issues challenging Appellant's amended sentence. *See Min*, 320 A.3d at 732; *Faust*, 2020 WL 7040974, at *2.[4]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/10/2025

---

[4] On May 19, 2025, Appellant filed a *pro se* application for relief requesting this Court issue a rule to show cause for delaying the disposition of the appeal and further requesting this Court to issue a ruling on the appeal. *See* Application, 5/19/25, at 3. In light of our disposition, Appellant's application is DENIED as moot.