J-S22043-24

2024 PA Super 159

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH YU CHI MIN | : | |
| | : | |
| Appellant | : | No. 724 WDA 2023 |

Appeal from the PCRA Order Entered June 6, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001894-2013

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.: **FILED: July 30, 2024**

Appellant, Joseph Yu Chi Min, appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. Appellant maintains that he is entitled to a new sentencing hearing because of bias exhibited by the sentencing judge. Because Appellant was not afforded counsel on this, his first PCRA petition after resentencing, we are constrained to vacate the court's order and remand for the appointment of counsel and any additional proceedings that may be necessary.

The underlying facts of Appellant's convictions are well-known to the parties and immaterial to our disposition, so we need not repeat them in detail here. Briefly, Appellant was convicted on January 31, 2014, of various offenses related to improper sexual contact with a minor. Initially, Appellant was sentenced to an aggregate term of 30 to 60 years of incarceration. The

trial court also determined that Appellant is a sexually violent predator. N.T., 5/1/14, at 23. Appellant filed a timely direct appeal, but discontinued it before a final determination after the sudden death of appellate counsel. With new counsel, Appellant filed a PCRA petition on May 11, 2015, asserting various claims related to the ineffective assistance of trial counsel and two sentencing claims.

In the answer filed by the Commonwealth to Appellant's PCRA petition, the Commonwealth conceded that Appellant's sentence was formulated using mandatory minimum sentences under Section 9718 of the Sentencing Code that had since been deemed unconstitutional. ***See Commonwealth v. Wolfe***, 106 A.3d 800, 805 (Pa. Super. 2014), *aff'd*, 140 A.3d 651 (Pa. 2016). However, while the Commonwealth agreed that Appellant's sentence should be vacated, it argued that the remaining PCRA claims of ineffective assistance of counsel should be denied.

Following a PCRA hearing, the PCRA court vacated the initial sentence and resentenced Appellant to a term of 10 to 20 years of imprisonment at Count 1, a similar term at Count 2, and a term of 5 to 10 years of imprisonment at Count 3, all to be served consecutively to each other, resulting in an aggregate sentence of 25 to 50 years. ***See*** Sentencing Order, 12/16/15. The PCRA court denied Appellant's remaining ineffectiveness claims, finding them to be meritless.

A counseled, direct appeal was taken from this judgment of sentence on January 5, 2016, after which the Superior Court affirmed the denial of

Appellant's ineffective assistance of counsel claims, but remanded his case for a new sentencing hearing. *Commonwealth v. Min*, 169 A.3d 1160 (Pa. Super. 2017) (unpublished memorandum). Appellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied. *Commonwealth v. Min*, 170 A.3d 1048 (Pa. 2017).

Pursuant to this Court's remand order, Appellant's case proceeded to resentencing on January 17, 2018. At this hearing, the PCRA court restructured Appellant's sentence such that the sentence imposed at Count 3 was ordered to be served concurrently with the incarceration sentences imposed on Counts 1 and 2. Appellant's new aggregate sentence is 20 to 40 years of incarceration. *See* Sentencing Order, 1/29/18.

No action was taken on this case until Appellant, *pro se*, filed the instant PCRA petition on February 28, 2023.[1] The Commonwealth filed an answer to Appellant's petition on April 12, 2023. Appellant filed a *pro se* objection to the Commonwealth's answer on May 8, 2023. On June 6, 2023, the PCRA court[2] issued an order dismissing Appellant's PCRA petition. Appellant then timely filed a *pro se* notice of appeal on June 15, 2023. Further, Appellant timely

_____

[1] On June 20, 2023, counsel — who last represented Appellant in 2016 and had not heard from Appellant since that time — filed a motion to withdraw as counsel for Appellant. Apparently, counsel had never withdrawn his appearance in the Superior Court and was notified when Appellant filed the notice of appeal in this case. Counsel was subsequently permitted to withdraw.

[2] Appellant's initial trial judge was the Honorable Donna Jo McDaniel. After Judge McDaniel's retirement, the case was transferred to the Honorable Anthony M. Mariani, who filed the PCRA court opinion in this appeal.

filed a statement of errors complained of on appeal, and the PCRA court filed its opinion, in which it opined that the PCRA petition was untimely filed. PCRA Court Opinion (PCO), 10/18/23, at 4.

Because our evaluation of this case rests upon a question of law, our standard of review is plenary. *Commonwealth v. Smith*, 818 A.2d 494, 498 (Pa. 2003). "In proceedings under the PCRA, the scope of review of an appellate court is limited by the parameters of the act." *Id.* (citing *Commonwealth v. Strong*, 761 A.2d 1167, 1170 n.3 (Pa. 2000)). We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error. *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019). Furthermore, a court's decision to deny a PCRA claim without a hearing may only be reversed upon a finding of an abuse of discretion. *Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012).

Before reaching the merits of Appellant's claims, we must first consider whether counsel should have been appointed to represent him in litigating his petition before the PCRA court. It is undisputed that first-time PCRA petitioners have the right to counsel under our Rules of Criminal Procedure. *See* Pa.R.Crim.P. 904. Moreover, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002). In cases that appear to be untimely, counsel is principally appointed to determine whether any exceptions to the timeliness

requirements of the PCRA apply. ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011). As our Supreme Court has stated, "The denial of PCRA relief ***cannot stand*** unless the petitioner was afforded the assistance of counsel." ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998) (citation omitted; emphasis added).

The PCRA court, in its Rule 1925(a) opinion, noted that this was Appellant's second PCRA petition, and that it was filed almost five years after his judgment of sentence became final on February 16, 2018, after the expiration of the thirty-day time-period for filing an appeal with this Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken); PCO at 4. The PCRA court opined that Appellant had not attempted to show that he was entitled to any exceptions from the PCRA's timeliness requirements set forth in 42 Pa.C.S. § 9545(b), and that the untimely petition was thus properly denied. ***Id.*** at 5.

The PCRA court erred in treating this filing as Appellant's second PCRA petition. We reiterate the procedural history of this case. Appellant was first convicted on January 31, 2014. Although Appellant's direct appeal was discontinued, his PCRA petition resulted in resentencing. ***See*** Sentencing Order, 12/15/15. A direct appeal was taken from the new sentence, after which the Superior Court remanded the case for a second resentencing.

*Commonwealth v. Min*, 169 A.3d 1160 (Pa. Super. 2017). The second resentencing occurred on January 17, 2018. This was the last docket entry until Appellant's *pro se* PCRA petition was filed in February 2023.

Importantly, because the earlier proceeding resulted in Appellant being resentenced, the at-issue PCRA petition is the first attack by Appellant on his new (*i.e.*, 2018) sentence. In *Commonwealth v. Lesko*, 15 A.3d 345, 374 (Pa. 2011), a capital case, the Third Circuit Court of Appeals remanded for a new sentencing hearing due to improper comments made by the prosecutor during the penalty phase of Lesko's trial. *Id.* at 357. Lesko was again sentenced to death on remand, and was unsuccessful in his subsequent direct appeal. *See Commonwealth v. Lesko*, 719 A.2d 217 (Pa. 1998), *cert. denied,* 525 U.S. 1108 (1999). Pennsylvania's governor signed a warrant for Lesko's execution soon thereafter. *Lesko*, 15 A.3d at 358. Lesko quickly filed a petition under the PCRA, attempting to challenge his conviction and his sentence, and also moved for a stay of execution. *Id.* The PCRA court granted the stay and appointed counsel. *Id.*

After a hearing on the amended PCRA petition, the PCRA court determined that Lesko was entitled to a new trial and new penalty hearing. *Id.* The Commonwealth filed an appeal. *Id.* Lesko filed a cross-appeal, raising those issues contained within his PCRA petition for which he had not obtained relief. *Id.* The Commonwealth argued that any issues related to Lesko's original trial ("guilt phase claims") were time-barred. *Id.* at 359. In his petition, Lesko had raised several claims of trial counsel's ineffectiveness.

The PCRA court granted Lesko a new trial due to trial counsel's interference with Lesko's right to testify at trial, counsel's ineffectiveness related to certain *Brady*[3] evidence that had not been turned over, and counsel's failure to develop impeachment evidence. *Id.*

According to the Commonwealth, issues related to the guilt phase had to be presented by January 16, 1997, the date on or before which a first PCRA petition could have been timely filed.[4] *Id.* In contrast, Lesko argued that his sentence did not become final until January 19, 1999, when the United States Supreme Court denied his petition for *certiorari*, and that his petition filed on May 24, 1999, was therefore timely. *Id.* After considering the specific provisions and purposes of the PCRA, and recognizing the limited role of the lower federal *habeas* courts in reviewing state court criminal judgments, the Pennsylvania Supreme Court concluded that Lesko was barred from raising issues related to the guilt phase of his trial, but could challenge his new sentence. *Id.* at 360. Our Supreme Court explained:

> The new sentencing proceeding and its result are the cause of the defendant's continuing restraint; and that proceeding is sufficiently distinct from the initial sentencing proceeding that collateral review of issues specific to the resentencing is consistent with the plain intent and purpose of the PCRA…. [A] limited grant of federal *habeas* sentencing relief does not give rise to a "right"

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

[4] Because Lesko's offense occurred in 1980, before enactment of the PCRA, the statute set forth the date by which PCRA petitions must have been filed for these older cases.

> to full-blown serial PCRA review of a trial whose result (conviction) has long been final.
>
> *    *    *
>
> Lesko's "right" to first petition PCRA review is necessarily confined to that part of the final Pennsylvania judgment that was disturbed by the federal *habeas* proceedings. All other aspects of the original judgment remain as before – **final.**

*Id.* at 366 (emphasis in original). Thus, because the Third Circuit's grant of relief involved only sentencing, Lesko was entitled to file a first PCRA petition related to those sentencing claims, despite his conviction occurring more than one year before the petition was filed. *Id.* at 367.

Turning to the case at bar, when Appellant was resentenced in 2018, it constituted a new sentence that only became final thirty days after its imposition, as Appellant did not file an appeal. *See* Pa.R.A.P. 903 ("[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."). Because Appellant was resentenced, he may challenge that new sentence under the PCRA. *Lesko*, *supra*. *See also Commonwealth v. Samuel*, Nos. 173 WDA 2022 & 174 WDA 2022, unpublished memorandum at 9-10 (Pa. Super. filed Feb. 14, 2023) (stating that once the appellant's direct appeal from his new judgment of sentence imposed following resentencing was final, the appellant "acquired a rule-based right to counsel on his first PCRA petition, within which he could assert challenges to the legality of his newly-imposed sentence"); *Commonwealth v. Faust*, No. 1254 EDA 2020, unpublished memorandum at 5 (Pa. Super. filed Dec. 1, 2020) (observing that "a petitioner may file a PCRA petition

asserting claims related to resentencing proceedings within one year of the date that the new judgment of sentence becomes final").[5] Thus, the PCRA court erred in failing to treat Appellant's petition as a first PCRA petition with respect to any claims relating to his resentencing. Moreover, because this is considered a first PCRA petition with respect to Appellant's 2018 resentencing, he was entitled to the appointment of counsel to amend his *pro se* petition. The PCRA court's failure to do so was error, regardless of the petition's facial untimeliness. ***Commonwealth v. Smith***, 818 A.2d 494, 500-01 (Pa. 2003) (holding that Pa.R.Crim.P. 904 "mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply").

To summarize, we hold that Appellant's PCRA petition, filed after his resentencing proceeding, constitutes his first petition for issues related to his resentencing and, thus, he is entitled to the appointment of counsel. Therefore, we vacate the order denying PCRA relief and remand this matter for the appointment of counsel and further proceedings as are necessary.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[5] Unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 07/30/2024