J-S35014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANCE PATRICK GREENAWALT | : | |
| | : | |
| Appellant | : | No. 43 MDA 2024 |

Appeal from the PCRA Order Entered December 28, 2023
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000347-2011

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED DECEMBER 13, 2024**

Lance Patrick Greenawalt appeals *pro se* from the order entered December 28, 2023, denying his PCRA petition. Because Greenawalt was not afforded counsel on this, his first PCRA petition after resentencing, we are constrained to vacate the learned PCRA Court's order and remand for the appointment of counsel.

A previous panel of this Court set forth the relevant factual and procedural history:

> On April 30, 2006, Greenawalt broke into the home of Daniel Keys ("Keys") and assaulted Keys by throwing boiling water on his face and striking him numerous times in the head, arms, and torso with a baseball bat. As a result of the attack, Keys suffered injuries to his eyes, lacerations to his head that required 103 stitches, three broken fingers on each hand, a broken wrist, broken hand, and burns to his head and surrounding area. Keys only briefly saw his attacker, who was wearing a mask, and was unable to identify him to police.

Pennsylvania State Police Trooper Benjamin Wilson ("Trooper Wilson") investigated Keys's assault. On September 7, 2010, Trooper Wilson was at Camp Hill State Correctional Institution and was informed by prison personnel that Greenawalt, who was incarcerated there on unrelated convictions, had been soliciting a fellow inmate, Timothy Bryce ("Bryce"), to commit murder for Greenawalt. Trooper Wilson and Pennsylvania State [Police] Trooper Shaun Pugh ("Trooper Pugh") interviewed Bryce, who stated that Greenawalt had solicited Bryce to murder John Lloyd ("Lloyd") and Adams County Court of Common Pleas Judge Michael George ("Judge George"). Lloyd is Keys's brother. Judge George had presided over Greenawalt's previous criminal trial on unrelated charges. Bryce also stated Greenawalt had admitted to committing the April [3]0, 2006 burglary of and assault on Keys.

After substantiating Bryce's claims, Trooper Wilson filed with this Court an Application for the interception of communications (the "Wiretap Application"), in order to install a recording device in the prison cell shared by Greenawalt and Bryce. This Court found that there was probable cause to believe that communications would take place between Greenawalt and Bryce regarding the planning and commission of illegal acts, and issued an Order Authorizing Interception of Communications (the "Wiretap Order").

Between October 5, and November 24, 2010, Greenawalt and Bryce engaged in several conversations relating to Greenawalt's prior solicitations to kill Judge George and Lloyd, and Greenawalt also solicited Bryce to murder Keys. Trooper Wilson subsequently interviewed Greenawalt, and advised Greenawalt that his incriminating statements had been recorded. Greenawalt admitted to engaging in these conversations, but claimed that they were just "jail house talk," and not meant to be taken seriously.

Greenawalt was subsequently charged, in relevant part, with one count each of attempt to commit criminal homicide, aggravated assault and burglary, and three counts of criminal solicitation to commit criminal homicide.

***

Following two severed jury trials, Greenawalt was found guilty of one count each of attempt to commit criminal homicide,

aggravated assault, criminal attempt to commit aggravated assault and burglary, and three counts of solicitation to commit criminal homicide. Greenawalt was sentenced to an aggregate term of 40 to 90 years in prison.

This Court affirmed Greenawalt's judgment of sentence. Greenawalt did not seek allowance of appeal with the Pennsylvania Supreme court.

On August 25, 2015, Greenawalt filed [a] timely PCRA petition. … Following [appointment of counsel and] a hearing, the PCRA court granted Greenawalt's PCRA [p]etition on the claim regarding trial counsel's failure to request a pre-sentence mental health examination, and denied his [p]etition in all other respects. The PCRA court vacated Greenawalt's judgment of sentence; ordered that he undergo a mental health evaluation; and directed the preparation of a pre-sentence investigation report, to include the results of Greenawalt's mental health examination.

*Commonwealth v. Greenawalt*, 236 A.3d 1115, 892 MDA 2019, at *1-2 (Pa. Super. filed April 21, 2020) (unpublished memorandum; footnotes omitted).

We affirmed the PCRA court's order. Greenawalt was resentenced on October 25, 2022. The instant PCRA petition was filed on October 16, 2023. The PCRA court issued a notice of intent to dismiss and ultimately dismissed the PCRA petition, asserting the instant PCRA petition is Greenawalt's second. **See** Notice of Intent to Dismiss, 10/26/23, at 1; Order, 12/28/23 (single page).

Greenawalt filed a timely notice of appeal. The PCRA court did not order Greenawalt to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

Greenawalt raises eight claims of error. However, due to our disposition, we do not restate them here.

- 3 -

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." **Commonwealth v. Min**, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted). Furthermore, when the claim "rests upon a question of law, our standard of review is plenary." **Id.** at 729-30 (citation omitted).

Before we may address Greenawalt's claims, we must evaluate whether the PCRA court should have appointed counsel to represent him. The answer here turns upon whether this is Greenawalt's first PCRA petition, as he alleges, or his second, as both the PCRA court and Commonwealth claim. **See** Appellant's Brief, at 10; Appellee's Brief, at 9; Notice of Intent to Dismiss, 10/26/23, at 1. As explained below, we hold this is Greenawalt's first PCRA petition as he was resentenced on October 25, 2022, and this is the first PCRA petition filed after that date, so he was entitled to the appointment of counsel.

"[W]here an indigent, first-time PCRA petitioner was denied his right to counsel — or failed to properly waive that right — this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011). "It is undisputed that first-time PCRA petitioners have the right to counsel under our Rules of Criminal Procedure." **Min**, 320 A.3d at 730 (citation omitted). "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." **Id.** (quoting **Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1998)).

Importantly, as our Supreme Court has previously explained, "[A] new sentencing proceeding and its result are the cause of [a] defendant's continuing restraint; and that proceeding is sufficiently distinct from the initial sentencing proceeding that collateral review of issues specific to the resentencing is consistent with the plain intent and purposes of the PCRA." **Commonwealth v. Lesko**, 15 A.3d 345, 362 (Pa. 2011). In **Lesko**, the defendant was given a new sentencing hearing after a limited grant of federal *habeas corpus* relief. **Id.** at 357. Our Supreme Court found he was permitted to file a first PCRA petition after resentencing limited to claims that arise from the resentencing proceeding. **Id.** at 362, 366 ("Thus, we hold that the 1981 Pennsylvania judgment of sentence is final for all purposes **except** for that part of the final judgment that was disturbed by the federal *habeas* proceedings, *i.e.*, Lesko's penalty phase proceeding.") (emphasis in original).

The same analysis applies here. While Greenawalt's initial judgment of sentence was final long before the current PCRA petition was filed, he was resentenced on October 25, 2022. The PCRA petition filed on October 16, 2023, was therefore his first PCRA petition pertaining to any claims regarding his new sentence. Because the instant PCRA petition should be considered Greenawalt's first PCRA petition with respect to his 2022 resentencing, he is entitled to the appointment of counsel. We find that we are constrained to conclude the PCRA court erred in failing to treat the instant PCRA petition as

a first PCRA petition. We therefore vacate the PCRA court's order and remand for the appointment of counsel.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/13/2024