J-S16027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CHRISTOPHER ROMIG | : | |
| | : | |
| Appellant | : | No. 997 MDA 2024 |

Appeal from the PCRA Order Entered June 13, 2024
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000560-2016

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 23, 2025**

Michael Christopher Romig appeals from the order that dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

This matter stems from the beating of James Barry Moore on the evening of August 2, 2016.  Appellant, Moore, and a female friend, Kelly McTavish, were drinking at Appellant's residence when Appellant showed McTavish naked pictures of himself on his cell phone.  After Moore expressed that Appellant's actions were inappropriate, Appellant punched Moore in the face.  Appellant left the room, but shortly thereafter returned to drag Moore to the ground and proceeded to repeatedly kick him in the head and chest. He then held a knife to Moore's neck and threatened to kill him.  The beating

resulted in severe injuries to Moore. He was paralyzed from the chest down, lost use of his hands and sexual organs, and control of his bladder and bowels.

Based on the aforementioned events, Appellant was arrested and charged with two counts of aggravated assault and one count of simple assault. A jury convicted him of all three offenses, and the trial court sentenced him to an aggregate term of nine and one-half to thirty years of imprisonment. On appeal, Appellant argued, *inter alia*, that the trial court abused its discretion in failing to instruct the jury about the justified use of deadly force against an intruder pursuant to the castle doctrine. This Court concluded that this issue was waived not only because appellate counsel omitted it from the direct appeal brief, but also because trial counsel did not object on this basis during jury instructions. We otherwise affirmed Appellant's judgment of sentence, and our Supreme Court denied his request for further review. *See Commonwealth v. Romig*, 2018 WL 6598400 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 215 A.3d 561 (Pa. 2019).

Appellant's timely first PCRA petition followed. Relevantly, he alleged ineffective assistance of appellate counsel for neglecting to brief the jury instruction argument.[1] The PCRA court denied the petition, which we affirmed on appeal, finding that Appellant failed to establish prejudice. Specifically, we

---

[1] Appellant did not challenge trial counsel's effectiveness for failing to object to the court's instruction.

concluded that the castle doctrine did not apply since Moore did not unlawfully or forcefully enter Appellant's residence. **See Commonwealth v. Romig**, 258 A.3d 552, 2021 WL 2624701, at *6-7 (Pa.Super. 2021) (non-precedential decision).

Appellant next sought relief by filing a federal *habeas corpus* petition in the United States District Court for the Middle District of Pennsylvania. Appellant again maintained that the trial court abused its discretion in omitting a castle doctrine jury instruction. To obtain *habeas* relief in the federal courts, a petitioner must first exhaust his state remedies by asserting a claim that has been through "one complete round of the State's established appellate review process, and which has been adjudicated on the merits." **Romig v. Brittain**, 2023 WL 8258785, at *2 (M.D. Pa. November 29, 2023). If a petitioner has not done so, his argument will be deemed "procedurally defaulted," *i.e.*, waived. **Bridges v. Beard**, 941 F.Supp.2d 584, 621 (E.D. Pa. 2013). However, the district court may nevertheless review such a claim if the petitioner establishes "cause for the default and actual prejudice[.]" **Id**. Ineffective assistance of counsel may serve as a basis for cause. **Romig**, 2023 WL 8258785, at n.58.

Here, the district court concluded that Appellant's jury instruction argument was waived. To establish the element of cause, Appellant contended that appellate counsel neglected to brief this issue. However, the district court, like this Court, found that trial counsel additionally waived this

matter by failing to object at trial. The court further determined that Appellant could not prove prejudice because the castle doctrine was inapplicable to his case insofar as the victim was not an intruder. *See Romig*, 2023 WL 8258785, at *4-6. Based on his interpretation of the district court's ruling, Appellant filed the instant *pro se* petition, docketed on March 28, 2024. Therein, he alleged that his petition met the governmental interference and newly-discovered facts exceptions to the PCRA's one-year time bar.

Pursuant to Pa.R.Crim.P. 907, the PCRA court issued an opinion and order stating its intention to dismiss Appellant's petition without a hearing as untimely. Appellant filed a response asserting that the PCRA judge should recuse himself because he presided over Appellant's preliminary hearing. Upon consideration, the court dismissed the petition and authored a separate opinion and order denying recusal. Appellant appealed the order dismissing his PCRA petition and filed a court-ordered concise statement in accordance with Pa.R.A.P. 1925(b). In lieu of a Rule 1925(a) opinion, the court directed us to its Rule 907 opinion and order.

Appellant presents the following questions:

1.) Is it an excuse where Appellant is procedurally defaulted at the hands of counsel (direct appeal, and PCRA), where [Appellant] first became aware by U.S. District Court opinion, *Romig v. Brittain*, 2023 WL 8258785 (M.D. Pa. November 29, 2023), pursuant to 42 Pa.C.S. § 9545(b)(1)(i-iii), where PCRA stewardship was challenged by [Appellant] multiple times during proceedings, [*i.e.*] *Romig*, 2018 WL 6598400, and Supreme Court No. 276 Mt 2021/92 MM 2021?

2.) Should have Judge Jonathan W. Reed recused himself as potentially bias, [*sic*] from sitting as PCRA judge in this matter where he was in fact the issuing authority/preliminary hearing judge that bound charges over for trial, where [the] victim was not present at preliminary hearing and an objection was lodged regarding medical reports and the truth of the matter within them, with instructions "as long as someone involved in preparing them would be present at trial", where this did not happen and [Appellant] was convicted violating his constitutional right to a fair trial, and this shows bias of this judge?

3.) Was there a miscarriage of justice where trial court abused d[i]scretion by choosing not to give requested deadly force/castle doctrine justification jury instruction, of which was defaulted by layered ineffective assistance of counsels, where a strong showing a miscarriage of justice might have occurred (emphasis added) [*sic*]?

Appellant's brief at 6 (some capitalization and citations altered).

We begin with an overview of the pertinent legal principles. This Court reviews the denial of a PCRA petition "to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." ***Commonwealth v. Min***, 320 A.3d 727, 730 (Pa.Super. 2024). Where a PCRA petition "is untimely, and none of the timeliness exceptions [is] met, courts do not have jurisdiction to address the substance of the underlying claims." ***Commonwealth v. Mickeals***, ___ A.3d ___, 2025 WL 1122104, at *4 (Pa.Super. April 16, 2025). With respect to timeliness, the PCRA provides:

Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

A petition invoking any of the exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Additionally, "we emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Chimenti*, 218 A.3d 963, 974 (Pa.Super. 2019).

Here, Appellant invokes the governmental interference and newly-discovered facts exceptions based upon the district court's recent decision. Specifically, he argues that the district court deemed his castle doctrine claim unreviewable because PCRA counsel neglected to challenge trial counsel's omission. *See* PCRA Petition, 3/28/24, at 3; Appellant's brief at 11.

Appellant submitted the instant petition on March 13, 2024, five years after this Court affirmed his judgment of sentence and our High Court denied review. *See* 42 Pa.C.S. § 9545(b)(3). Appellant's petition is thus untimely on its face. Initially, we observe that since Appellant's brief is devoid of argument in support of the governmental interference exception, that

- 6 -

assertion is waived and we will not address it on the merits. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." (cleaned up)). Appellant's reliance on the district court's decision for the newly discovered facts exception also fails. Plainly, the purported discovery of PCRA counsel's ineffective assistance does not constitute a "new fact" that would allow Appellant to overcome the PCRA's one-year time limitation. *See Commonwealth v. Bradley*, 261 A.3d 381, 404 n.18 (Pa. 2021). Rather, Appellant's attack on PCRA counsel's stewardship must have been presented on appeal from the denial of his first, timely petition. *See id*. at 405 (holding that a petitioner must "raise claims of ineffective PCRA counsel at the first opportunity").

Accordingly, the PCRA court did not abuse its discretion in dismissing Appellant's petition as untimely where Appellant has not met his burden to prove a timeliness exception.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/23/2025