J-S33004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| EDWARD L. LUCAS | : | |
| Appellant | : | No. 3386 EDA 2024 |

Appeal from the PCRA Order Entered December 3, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000816-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| EDWARD L. LUCAS | : | |
| Appellant | : | No. 3387 EDA 2024 |

Appeal from the PCRA Order Entered December 3, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003037-2021

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 17, 2025**

Edward L. Lucas appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

The following facts underlie both of Appellant's cases.[1] In September 2020, a confidential informant ("C.I.") contacted Detectives Michael Laverty

---

[1] This Court consolidated the matters *sua sponte*.

and John Wright of the Upper Merion Township Police Department to report that Appellant was selling methamphetamine. The detectives orchestrated a controlled purchase between Appellant and the C.I. On speaker phone in front of the detectives, the C.I. called Appellant and arranged to purchase $350 worth of methamphetamine at Appellant's residence. As the detectives surveilled, the C.I. completed the purchase inside Appellant's house, walked back to Detective Wright, and handed him a bag containing one-half ounce of methamphetamine.

Shortly thereafter, the C.I. reported that Appellant was continuing to traffic methamphetamine. The officers set up a second controlled purchase with the C.I., and the same sequence of events occurred as with the first. Utilizing this information, the detectives obtained a search warrant for Appellant's residence. Since Appellant was not the only occupant in his dwelling, Detective Wright conducted surveillance of Appellant's whereabouts to ensure he would be home when the warrant was executed. He and other law enforcement officers followed Appellant to a restaurant, golf course, and hotel where they suspected he was conducting drug transactions due to the short duration of the visits.

Upon confirming Appellant's return home, officers executed the warrant and uncovered two cell phones, approximately $3,400 in cash, thirty grams of methamphetamine, pills, packaging materials, and a digital scale. In the first case, pursuant to the two controlled buys, Appellant was charged with

two counts each of possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, possession of drug paraphernalia, and criminal use of a communication facility. As a result of the search, in the second case, he was charged with one count each of PWID and possession of a controlled substance, and four counts of possession of drug paraphernalia.

At the ensuing consolidated jury trial, multiple officers involved in the investigation testified to the above, including Detectives Laverty and Wright. Notably, Detective Wright explained that he suspected that Appellant was conducting drug deals directly prior to the execution of the search warrant based on his activity. At the conclusion of testimony, the court instructed the jury regarding each charge. Relevantly, it gave the standard instruction for possession of a controlled substance, which included seven definitions of "possession." Pertinent to this appeal, the final classification stated that:

> [Appellant] may be found guilty of possession for an item that he did not personally hold if it is proved [Appellant] was part of a conspiracy, another conspirator knowingly possessed the drugs, and that the possession occurred while the conspiracy was in existence and was in furtherance of the goals of the conspiracy.

N.T. Jury Trial Vol. II, 12/1/22, at 84.

The jury convicted Appellant of all charges, and the court sentenced him to five to ten years in prison. Appellant did not file post-sentence motions or an appeal. Rather, he filed a *pro se* PCRA petition challenging the effectiveness of trial counsel, Thomas Egan, Esquire. The court appointed first

PCRA counsel, David A. Keightly, Sr., Esquire, who filed a petition to withdraw. Appellant submitted a response to Attorney Keightly's petition asserting, *inter alia*, that he was ineffective. The court allowed Attorney Keightly to withdraw and appointed new PCRA counsel. In a subsequent counseled PCRA petition, Appellant challenged Attorney Keightly's performance in failing to assert that Attorney Egan was ineffective for omitting a request for a conspiracy jury instruction, and for neglecting to object to Detective Wright's testimony concerning Appellant's suspected drug transactions as evidence of other bad acts.

The court held an evidentiary hearing wherein Attorney Egan testified. He indicated that he did not believe it was necessary to request a conspiracy jury instruction because Appellant had not been charged with that crime. He contended that the court's instruction for possession of a controlled substance, which was standard, was adequate. Additionally, Attorney Egan stated that Detective Wright's testimony regarding Appellant's supposed drug activity was admissible under the *res gestae* exception and was helpful to the defense since it allowed him to highlight on cross-examination that they did not witness Appellant engage in any criminal activity.

Finding that neither Attorney Egan nor Attorney Keightly rendered deficient representation, the court denied Appellant's petition, and he timely appealed. Appellant and the court complied with Pa.R.A.P. 1925. He now raises the following issues for our review:

I.    Did the trial court err in denying [A]ppellant's petition for post-conviction relief stating that first PCRA counsel was ineffective for failing to raise the ineffectiveness of trial counsel who failed to object to the trial [c]ourt's jury instruction on the charge of conspiracy which did not adequately define the charge of [c]onspiracy by not stating all of the elements of conspiracy?

II.    Did the trial court err in denying [A]ppellant's petition for post-conviction relief stating that first PCRA counsel was ineffective for failing to raise the ineffectiveness of trial counsel who failed to object to the admission of testimony of prior bad acts, where and the Commonwealth did not give proper notice of its intent to seek the admission of prior bad acts under Pa.R.E. 404(b)(3)?

Appellant's brief at 10 (citation altered).

We begin with an examination of the applicable legal principles.  This Court reviews the denial of a PCRA petition "to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." **Commonwealth v. Min**, 320 A.3d 727, 730 (Pa.Super. 2024).  We review the PCRA court's legal determinations *de novo*, but we are bound by its "credibility determinations, when supported by the record[.]" **Commonwealth v. Hopkins**, 231 A.3d 855, 871 (Pa.Super. 2020).  An appellant has the burden to persuade this Court "that the PCRA court erred and that relief is due."  **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Both of Appellant's claims concern the effectiveness of counsel.  Our law on this matter is well-settled:

Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence.  To succeed on a claim of ineffective assistance of

counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction. The failure to satisfy any one of these criteria is fatal to the claim.

***Commonwealth v. Thomas***, 323 A.3d 611, 620-21 (Pa. 2024) (cleaned up).

Counsel cannot be found to be ineffective "for failing to raise a meritless claim." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (cleaned up). A contention has arguable merit "where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Pitt***, 313 A.3d 287, 293 (Pa.Super. 2024) (cleaned up).

Appellant also asserts layered claims of ineffective assistance of counsel, for which the following law applies:

A petitioner must present argument, in briefs or other court memoranda, on the three prongs of the ineffectiveness test as to each relevant layer of representation. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of [first PCRA] counsel's ineffectiveness fails. Only if all three prongs as to the claim of trial counsel's ineffectiveness are established, do prongs two and three of the ineffectiveness test as to the claim of [first PCRA] counsel's ineffectiveness have relevance, requiring a determination as to whether [first PCRA] counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's ineffectiveness (prong two) and whether petitioner was prejudiced by [first PCRA] counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong three).

***Id***. at 294 (cleaned up). Thus, "before we consider whether PCRA counsel was ineffective, Appellant initially must sustain his burden of proving that" trial counsel was ineffective. ***Id***.

Appellant's first claim concerns the jury instruction for possession of a controlled substance. In this vein:

> [When] examining jury instructions, our standard of review is to determine whether the trial court committed a clear abuse of discretion or an error of law controlling the outcome of the case. A charge will be found adequate unless the issues are not made clear, the jury was misled by the instructions, or there was an omission from the charge amounting to a fundamental error. Moreover, in reviewing a challenge to a jury instruction the entire charge is considered, not merely discrete portions thereof. The trial court is free to use its own expressions as long as the concepts at issue are clearly and accurately presented to the jury.

*Commonwealth v. Bradley*, 232 A.3d 747, 759 (Pa.Super. 2020) (cleaned up).

Appellant contends that although he was not charged with conspiracy, Attorney Egan should have nevertheless requested an instruction for that crime because the term "conspiracy" was included within the charge concerning possession of a controlled substance. *See* Appellant's brief at 22. He asserts that "[b]y allowing the conspiracy instruction to be used without explaining the meaning of conspiracy and not giving the elements of conspiracy[,] it was left up to jury to guess what a conspiracy is, and how it applied to the case." *Id*. at 22. Appellant cites two cases for the proposition that a jury charge which fails to define all elements of a crime is erroneous, but he acknowledges that in those cases "the defendant was charged with the crimes for which the jury instruction was given, and in the case at issue, [A]ppellant was not charged with conspiracy." *Id*. at 26. He nonetheless "avers that conspiracy is a crime, and the crime of conspiracy was in the jury

charge." *Id*. He argues that this claim has arguable merit because the "[f]ailure to instruct on an element of a crime is inherently reversible error[.]" *Id*. at 24.

The PCRA court concluded that there was "no arguable merit to this claim" because Appellant was not charged with conspiracy. *See* PCRA Court Opinion, 5/15/25, at 9. It explained that the trial court "utilized the standard instruction verbatim" for possession of a controlled substance. *Id*. The court also noted Attorney Egan's testimony that he believed the possession instruction was apt, and that there was no need to request a conspiracy instruction where it was not a charged crime. *Id*. Accordingly, the court concluded that neither trial counsel nor PCRA counsel could be found to be ineffective on this claim. *Id*. at 11.

The record supports the PCRA court's findings, and its conclusions are free of error. At trial, the court accurately recited the standard jury instruction for possession of a controlled substance, including the seven definitions of possession, the last of which states that a defendant may be in possession of a drug if he is part of a conspiracy. *See* Pa.SSJI § 16.02(b)A (2024)). Appellant is correct that when a jury instruction fails to define an element of a crime, it is erroneous. *See Bradley*, 232 A.3d at 759. However, conspiracy is not an element of possession of a controlled substance. *See* 35 P.S. § 780-113(16) ("The following acts and the causing thereof within the Commonwealth are hereby prohibited: . . . Knowingly or intentionally

- 8 -

possessing a controlled or counterfeit substance by a person not registered under this act."). Rather, conspiracy is included in that jury instruction as one of several methods of possession. The jury heard all seven definitions as quoted from the standard instructions, which are presumptively comprehensive. *See Commonwealth v. Akhmedov*, 216 A.3d 307, 321 (Pa.Super. 2019) ("Where the trial court's instructions track the Pennsylvania Suggested Standard Criminal Jury Instructions, it is presumed such instructions are an accurate statement of the law."). This claim is therefore meritless.

Appellant also asserts that trial counsel was ineffective for neglecting to object to other bad acts evidence. Rule 404 of the Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, "evidence of crimes, wrongs, or other bad acts may be admissible as *res gestae* when relevant to furnish the complete story or context of events surrounding the crime." *Commonwealth v. Crispell*, 193 A.3d 919, 936 (Pa. 2018). We have explained that the *res gestae* exception is applicable "where the distinct crimes were part of a chain or sequence of events which formed the history of the case and were part of its natural development." *Commonwealth v. Knoble*, 188 A.3d 1199, 1205 (Pa.Super. 2018).

Additionally, if the Commonwealth plans to introduce other bad acts evidence:

> [T]he prosecutor must provide reasonable written notice in advance of trial so that the defendant has a fair opportunity to meet it, or during trial if the court excuses pretrial notice on good cause shown, of the specific nature, permitted use, and reasoning for the use of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b)(3).

Appellant argues that the Commonwealth failed to give notice of its intent to present evidence of Appellant's prior bad acts, specifically, his suspected drug transactions immediately prior to the execution of the warrant, in violation of Rule 404(b)(3). *See* Appellant's brief at 29, 33. He asserts that this evidence constitutes other bad acts because the Commonwealth's intent in introducing it "was to establish that [A]ppellant was engaged in drug deals while he was being surveilled by the police." *Id*. at 44. Appellant contends that this claim has arguable merit because "allowing prior criminal activity into evidence is certainly grounds for relief[.]" *Id*. at 46.

The PCRA court determined that the challenged testimony did not reference other bad acts. *See* PCRA Court Opinion, 5/15/25, at 13. Instead, the court explained, "this evidence simply described what authorities observed on the day of the execution of the search warrant." *Id*. The court summarized that Attorney Egan did not believe that this testimony was prior bad acts evidence, he thought it was helpful to his case since the officers only suspected

- 10 -

that Appellant was engaged in drug transactions, and that this evidence was nevertheless admissible under the *res gestae* exception. ***Id***. at 14-18.

The PCRA court's findings are substantiated by the record, and we agree that Appellant has not established ineffectiveness. Even assuming that the challenged testimony constituted other bad acts, an objection would have been meritless. Specifically, Detective Wright's testimony falls under the *res gestae* exception. He explained the chronology leading up to the execution of the search warrant, which included Appellant's quick stops at various locations before returning home. In other words, the officer's surveillance of Appellant comprised the "chain or sequence of events which formed the history of the case and were part of its natural development." ***Knoble***, 188 A.3d at 1205. Therefore, if Attorney Egan objected to this testimony pursuant to Rule 403, it would have been overruled.

In sum, Appellant has fallen short of his burden to establish that Attorney Egan was ineffective, and necessarily has failed to prove that Attorney Keightly was ineffective. ***See Pitt***, 313 A.3d at 294. Therefore, we affirm the PCRA court's dismissal of his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date:  11/17/2025