J-S01030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ANTHONY WILSON | : | |
| | : | |
| Appellant | : | No. 618 WDA 2025 |

Appeal from the PCRA Order Entered April 24, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006754-2020

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: March 19, 2026**

Michael Anthony Wilson appeals from the order entered in the Court of Common Pleas of Allegheny County denying his first Post-Conviction Relief Act ("PCRA")[1] petition without a hearing. On appeal, Wilson raises a layered claim of ineffective assistance of counsel. After careful consideration, we vacate in part and remand for further proceedings.

We glean the following facts from the certified record. Wilson and V.F. ("Victim") were involved in an intimate relationship, beginning when Victim was thirteen years old, that resulted in multiple shared children. On October 8, 2020, Wilson was charged by criminal information with involuntary deviate

---

Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

sexual intercourse, unlawful contact with a minor, statutory sexual assault, aggravated indecent assault, corruption of minors, indecent assault, and rape of a child.[2]

The trial court appointed Milton Railford, Esq. ("trial counsel") to represent Wilson at a bifurcated waiver trial that commenced on February 27, 2023, and concluded on June 20, 2023. At trial, the defense did not pursue a mistake of age defense but rather maintained that Victim was of the age of consent at the time of their sexual relationship. Accordingly, the defense's theory rested upon the contention that Victim was born in 1988 rather than in 1992 as the Commonwealth sought to establish through documentary and testimonial evidence. At the conclusion of trial, Wilson was acquitted of the counts of rape of a child and indecent assault and convicted of all remaining offenses. On June 29, 2023, the court sentenced Wilson to an aggregate term of 72 to 144 months of incarceration followed by five years of probation. On July 3, 2023, trial counsel filed a motion to withdraw, which the court granted that same date.

The court subsequently appointed Rachael Santoriella, Esq. to represent Wilson in his appeal. On July 7, 2023, Attorney Santoriella filed a post-sentence motion on Wilson's behalf seeking reconsideration of his sentence. Upon Wilson's written request, Attorney Santoriella filed a motion for leave to

_____

[2] 18 Pa.C.S.A. §§ 3123(a)(7), 6318(a)(1), 3122.1, 3125(a)(8), 6301(a)(1), 3126(a)(1), and 3121(c), respectively.

withdraw Wilson's post-sentence motion on November 6, 2023, which the court granted the following day.

On February 15, 2024, Attorney Santoriella (hereinafter, "initial PCRA counsel") filed a PCRA petition[3] on Wilson's behalf alleging ineffective assistance of trial counsel for failing to investigate the authenticity of Victim's foreign birth certificate and for failing to investigate or call a potential defense witness.[4] Specifically, Wilson's petition alleged the following concerning trial counsel's failure to investigate or call a potential witness:

> [P]rior to trial, [Wilson] had relayed to trial counsel that there were proceedings involving [Victim] that were relevant to his defense and that could be used to discredit [Victim and her mother's] testimony, and that there is a witness that was willing to testify and that the substance of that testimony dealt with the accuser and her mother making false accusations of another that were similar in nature to these proceedings (*see* certification attached). There was no communication or investigation into that potential witness, no subpoena requested nor issued, [and] no request for documents pursuant to the freedom of information act or by subpoena.

_____

[3] We note that this petition was titled "Amended Petition Pursuant to the [PCRA]." PCRA Petition, 2/15/24. However, in our review of the docket and certified record, this appears to be the first and only PCRA petition filed on Wilson's behalf. Accordingly, we refer to this filing as Wilson's initial PCRA petition.

[4] Wilson does not dispute the PCRA court's ruling on his ineffectiveness claim concerning the authenticity of Victim's birth certificate. Accordingly, we need not address the PCRA court's disposition of this ineffectiveness claim, and our decision in no way alters its ruling with respect to this claim.

PCRA Petition, 2/15/24, at 5 (unpaginated). An unsworn witness certification was attached to Wilson's petition, which indicated that trial counsel would substantially testify to the following at a hearing on Wilson's petition:

> That he is an active member of the Pennsylvania Bar and has his offices in Allegheny County in Pittsburgh and has so for many years. That he did not file any pretrial motions to limit the introduction of evidence, nor did he take efforts to investigate the authenticity of the Liberian birth record, nor did he call Attorney Reginald Bridges as a witness as requested by [Wilson].

*Id.* at 9 (unpaginated). Notably, Wilson's petition did not include a certification for the purported trial witness, Attorney Bridges.[5] The Commonwealth filed a

---

[5] Where a petitioner requests an evidentiary hearing in a post-conviction proceeding, the following certification mandates apply:

> (i) Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

> (ii) If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. ...

*(Footnote Continued Next Page)*

court-ordered answer to Wilson's PCRA petition on April 29, 2024.[6] On April 3, 2025, the PCRA court issued a notice of its intent to dismiss Wilson's petition without a hearing, pursuant to Pa.R.A.P. 907, upon determining that Wilson was not entitled to PCRA relief and no purpose would be served by further proceedings. PCRA counsel did not file a response to the notice on Wilson's behalf, and on April 24, 2025, the court entered an order denying Wilson's PCRA petition.

Following Wilson's subsequent request for court-appointed counsel, on May 22, 2025, Ryan James, Esq. ("current PCRA counsel") was appointed to represent Wilson from that time forward. On May 23, 2025, current PCRA counsel filed a notice of appeal from the order denying Wilson's PCRA petition, on Wilson's behalf. Wilson timely filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which he alleged ineffective assistance of initial PCRA counsel. On August 13, 2025, the PCRA court filed a statement in lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), in which it indicated that it could not address Wilson's layered

---

(iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1).

[6] The Commonwealth's answer does not appear in the certified record.

- 5 -

ineffectiveness claim and instead relies upon its Rule 907 notice to the extent it assists appellate review.

On appeal, Wilson presents the following question for our review:

> Is Wilson entitled to a remand to make out a claim that prior PCRA counsel was ineffective for failing to properly plead and present a claim that trial counsel was ineffective for failing to investigate and call a witness to testify that the alleged victim and her mother had made prior false accusations about another person?

Appellant's Brief, at 3.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." ***Commonwealth v. Min***, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted). A PCRA petitioner may be eligible for relief if his conviction or sentence was a product of the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> To prevail on a claim that counsel was constitutionally ineffective, the defendant must overcome the presumption that counsel was effective by showing that: (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. A failure to meet any of these required prongs bars a petitioner from obtaining relief.

***Commonwealth v. Orner***, 251 A.3d 819, 824 (Pa. Super. 2021) (*en banc*) (citations omitted).

"A convicted defendant has a right under the Rules of Criminal Procedure to the assistance of counsel on a first PCRA petition." ***Commonwealth v. Miranda***, 317 A.3d 1070, 1075 (Pa. Super. 2024) (citation omitted). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims[.]" ***Id.*** (citation omitted). Accordingly, this Court recognizes that "[t]he purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." ***Id.*** at 1076 (citation omitted). However,

> [w]hen a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing.

Pa.R.Crim.P. 905(B); ***see Commonwealth v. McGill***, 832 A.2d 1014, 1024 (Pa. 2003) (explaining that Rule 905 reflects the Supreme Court's "desire ... to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation.") (citation omitted).

In this appeal, Wilson alleges that prior PCRA counsel rendered ineffective assistance by failing to properly plead and develop his claim of trial counsel's ineffectiveness.

> Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of the [ineffective assistance] test

relevant to each layer of representation. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. [C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Shields*, 347 A.3d 734, 744 (Pa. Super. 2025) (quotation marks, brackets, and citations omitted).

In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d at 401 (footnote omitted). The *Bradley* Court also recognized that when a petitioner raises PCRA counsel's ineffectiveness for the first time on appeal, remand may be necessary:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]
>
> [ A]n appellate court will not be tasked with developing the record or acting as a court of original jurisdiction. Rather, appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record.

- 8 -

*Id.* at 402-03 (citations, internal quotation marks, brackets, and footnote omitted). Where current PCRA counsel properly raised claims of initial PCRA counsel's ineffectiveness in a 1925(b) statement, our Supreme Court has found that such a procedural posture presented "unique" circumstances in that "there was neither a PCRA court record nor a ruling on [the petitioner's] ineffectiveness claims directed toward initial PCRA counsel." *Commonwealth v. Parrish*, 317 A.3d 551, 561 (Pa. 2024). "To remedy this problematic situation[,]" the Supreme Court determined that remand to the PCRA court was necessary based on its conclusion that "the PCRA court need[ed] to further develop the record [ ] and consider, in the first instance, [the petitioner's] layered claims, all alleging the ineffective assistance of initial PCRA counsel." *Id.* (citation omitted).

Wilson adequately preserved his claim concerning PCRA counsel's ineffectiveness by raising it at the first opportunity to do so, in his 1925(b) statement, following the appointment of current PCRA counsel. *See Bradley*, 261 A.3d at 401. In his underlying claim, Wilson avers that trial counsel was ineffective for failing to investigate and call a potential witness to testify on his behalf at trial. This Court recognizes that "[n]eglecting to call a witness differs from failing to investigate a witness in a subtle but important way." *Commonwealth v. Stewart*, 84 A.3d 701, 712 (Pa. Super. 2013) (citations omitted).

> A claim that trial counsel did not conduct an investigation or interview known witnesses presents an issue of arguable merit

where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. A showing of prejudice, however, is still required.

***Id.*** (citations omitted).

Conversely, "[a] failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1109 (Pa. 2012) (citation omitted).

> [W]hen a PCRA petitioner claims counsel was ineffective for failing to call a witness, he or she must establish [that:] (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Abdul-Ali***, 345 A.3d 759, 775 (Pa. Super. 2025) (quotation marks and citation omitted). To demonstrate prejudice in this context, the petitioner must show "how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." ***Commonwealth v. Selenski***, 228 A.3d 8, 16 (Pa. Super. 2020) (citation omitted).

Prior to reviewing Wilson's claim of initial PCRA counsel's ineffectiveness, we must first determine whether Wilson's underlying claim of trial counsel's ineffectiveness for failing to investigate and call Attorney Bridges as a witness satisfies each prong of the ineffectiveness test. ***See Shields***, 347 A.3d at 744. However, we are unable to make such a

determination based on the record before us. In its Rule 907 notice, the PCRA court explained its grounds for denying Wilson relief on this ineffectiveness claim as follows:

> [Wilson's] second claim of ineffective assistance of counsel is that [trial counsel] was ineffective for failing to call an unnamed witness to testify that the victim and her mother made "false accusations" about another person.
>
> * * *
>
> The petition failed to cite, discuss, or analyze the … five (5) factor test [related to a claim of failing to call a witness]. Additionally, the petition did not attach a witness certification for this person as would be necessary to establish the factors and move forward with an evidentiary hearing.
>
> Even pulling from the only "witness certification" offered, *i.e.*, [that of trial counsel], [Wilson] fails to establish any merit for this claim. Although [trial counsel's] witness certification suggests that the "unnamed" witness is Attorney Reggie Bridges, the underlying proffer of testimony is vague and without any context. Nor is there any discussion regarding how such testimony would be admissible, as it facially appears to be prohibited by the rape shield statute and/or is hearsay.

Rule 907 Notice, 4/3/25, at ¶¶ 31-35 (paragraph numbering and unnecessary capitalization omitted). Thus, the court denied relief based upon deficiencies in Wilson's petition, specifically noting the failure to properly plead a claim of trial counsel's ineffectiveness as well as the failure to include an adequate witness certification. We find that the PCRA court erred by denying Wilson relief on his ineffectiveness claim where the PCRA court specifically acknowledged, in its Rule 907 notice, both the substantive and procedural defects in Wilson's first PCRA petition, as filed by initial PCRA counsel. In

- 11 -

accordance with our Rules of Criminal Procedure, the court should have instead ordered Wilson to amend his PCRA petition within a specified time period and thereby afforded him the opportunity to remedy the defects in his petition. *See* Pa.R.Crim.P. 905(B). If the amendment is not filed or pursued, then dismissal is, of course, appropriate.

We note that permitting Wilson to file an amended PCRA petition to plead and prove his ineffectiveness claims is particularly necessary to promote the interests of fairness and justice where initial PCRA counsel failed to respond to the court's Rule 907 notice or appear before the court in any capacity following her filing of Wilson's PCRA petition. Our review of the record indicates that initial PCRA counsel neither petitioned to withdraw from representation nor was granted leave to withdraw prior to the court's appointment of current PCRA counsel. Thus, it remains unclear whether initial PCRA counsel effectively abandoned Wilson in these proceedings.

Based on the foregoing, we remand this matter to the PCRA court for current PCRA counsel to file an amended PCRA petition on Wilson's behalf that sets forth a layered ineffectiveness claim and complies with the certification requirements of Section 9545(d)(1). The PCRA court shall then conduct an evidentiary hearing to further develop the record and consider, in the first instance, Wilson's layered ineffectiveness claim.

Order vacated in part. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/19/2026