J-S38031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE MAURICE LONDON | : | |
| | : | |
| Appellant | : | No. 1230 EDA 2025 |

Appeal from the PCRA Order Entered April 11, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001093-2020

BEFORE:  McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 30, 2026**

Andre Maurice London (hereinafter, Appellant) appeals from the denial of his timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546, without a hearing.  We affirm.

Briefly, the facts of this case established that Pennsylvania State Trooper Zachary Railing received a notification to investigate an active domestic violence incident.  N.T. Bench Trial, 4/29/21, at 8-13.  The property to which the trooper was called to respond was a house that had been subdivided into two apartments, one in the front of the building and one in the rear.  *Id.* at 13.  The trooper arrived at the location and knocked on the front door of the house, but no one answered.  *Id.* at 15.  The trooper then walked the perimeter of the house, finding a Street Sweeper shotgun lying on the ground underneath a window at the rear of the house.  *Id.* at 16-18.  After securing the weapon in his vehicle, the trooper returned to the house and

entered through the unlocked front door. *Id.* at 22. After Trooper Railing pounded on a locked door in the kitchen that led to the rear apartment, Appellant opened the rear apartment's door. *Id.* at 25.

When he opened the door, Appellant had blood stains on the front of his shirt, one eye was very swollen, and he had other swelling and bruising on his face. *Id.* Trooper Railing testified that Appellant's face looked like he had been the victim of an aggravated assault. *Id.* at 28. Because he had found the weapon outside of the house, the trooper asked Appellant if he owned any firearms, which Appellant answered affirmatively. *Id.* at 30. Trooper Railing then asked, "Is it a [S]treet [S]weeper shotgun?" and Appellant said that it was. *Id.* Appellant told the trooper that his shotgun was behind the recliner in the living room of the apartment, but when he and the trooper went to look for the gun there, it was missing from that spot. *Id.* at 31-32. Appellant "was surprised" that the weapon was not in its proper place, but then stated that he did not know where it went. *Id.* at 32.

Although the shotgun was processed for fingerprints and DNA, no evidence of any value was found thereby. *Id.* at 56-58. Additionally, the parties stipulated to Appellant's two prior felony convictions, which preclude him from lawful possession of a firearm. *Id.* at 63. Appellant testified that he was babysitting for a friend who lived in the rear apartment. *Id.* at 65-66. He explained that he had legally purchased the firearm before his prior convictions, but had to get rid of it when he was granted parole. *Id.* at 67. Thus, the gun stayed at his friend's house, and Appellant was "teaching her

granddaughters gun etiquette like [he] learned when [he] was little." ***Id.*** at 68.

On this evidence, Appellant was convicted of one count of persons not to possess a firearm, 18 Pa.C.S. § 6105(a), and the trial court sentenced him to 3 to 6 years of incarceration. Appellant appealed his judgment of sentence to this Court, which we affirmed on September 27, 2022; our Supreme Court denied his subsequent petition for allowance of appeal on April 11, 2023. ***Commonwealth v. London***, 285 A.3d 954 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 295 A.3d 1273 (Pa. 2023).

Appellant filed a timely, *pro se*, PCRA petition on July 27, 2023. Counsel was appointed and was granted additional time to amend the *pro se* petition. On February 19, 2025, counsel filed a motion to withdraw and a ***Turner/Finley***[1] letter in the PCRA court, indicating that counsel was unable to find any meritorious issues to raise on Appellant's behalf. Appellant filed a proper *pro se* objection to his counsel's request to withdraw. Nonetheless, the trial court granted counsel's request to withdraw on March 21, 2025, and dismissed Appellant's PCRA petition in its entirety on April 11, 2025.

Appellant filed a timely *pro se* notice of appeal on May 8, 2025. On May 13, 2025, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed an opinion pursuant to Rule 1925(a) on June 18, 2025.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 3 -

In this appeal, we note that Appellant's *pro se* brief is not a model of clarity. He raises the following issues, which we set forth *verbatim*:

(1) Was trial counsel ineffective for failure to file a motion for a suppression hearing to have the weapon suppressed that was found outside of the house that was not in petitioner's possession?

(2) Did arresting officers have probable cause to arrest petitioner for weapons when petitioner did not possess a weapon, nor have constructive possession?

(3) Should petitioner's statement, (that he owned a weapon) while under interrogation be admitted into trial, when he was not read any Miranda warnings?

(4) Was the evidence insufficient to convict petitioner of the weapon charge?

(5) Did the statement ("I own a street sweeper") mean that petitioner owned "*the*" same weapon that police found outside of the residence under a window?

Appellant's brief at unnumbered 5 (unnecessary capitalization removed).

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." **Commonwealth v. Min**, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted). The scope of our review is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011) (citation omitted). We defer to the factual findings of the post-conviction court, which was tasked with hearing the evidence and assessing witness credibility. **Commonwealth v. Johnson**, 289 A.3d 959, 979 (Pa. 2023). The PCRA court's legal determinations, however, are subject

to plenary review. ***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012).

Appellant's claims are waived. In the order dated May 13, 2025, the PCRA court directed Appellant to file his statement of errors pursuant to Rule 1925(b) within 21 days, noted that the statement had to be filed of record, provided the addresses of both the PCRA court and the clerk of courts where the statement should be filed, and noted that any issue not properly raised in the statement "shall be deemed waived." Order, 5/13/25 (single page). This order complies with the dictates of Rule 1925(b)(3). Moreover, the docket indicates that Appellant was served with this order via certified mail. ***See*** Pa.R.Crim.P. 114(B)(3)(a)(v) (providing for service upon an unrepresented party by sending a copy by certified mail to the party's place of confinement). However, Appellant never filed a concise statement.

Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020). "[A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." ***Bonnett***, 239 A.3d at 1106 (citing ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."). Although Appellant is proceeding *pro se*, he is not exempt from compliance with our procedural rules; under Pennsylvania law, *pro se* defendants are

subject to the same rules of procedure as are represented defendants. ***See, e.g.***, ***Commonwealth v. Williams***, 896 A.2d 523, 534 (Pa. 2006).

Appellant's failure to comply with the PCRA court's order to file a statement of errors requires a finding of waiver of all his claims on appeal. ***Commonwealth v. Snyder***, 316 A.3d 178, 181 (Pa. Super. 2024).[2] Accordingly, as all issues herein have been waived, we affirm the PCRA court's order denying relief.

Order affirmed.

_____

[2] We note further that, even if Appellant's claims had not been waived due to his failure to file a statement of errors, we would affirm the denial of relief with respect to Appellant's first three issues based upon the well-analyzed opinion of the Honorable Thomas P. McCabe, dated June 18, 2025. Therein, Judge McCabe found that counsel was not ineffective for failing to file a motion to suppress when the gun had been found in plain view in an area where Appellant had no expectation of privacy, that Appellant had not been arrested without probable cause, and that no ***Miranda*** warnings were required before the officer asked Appellant if he owned a weapon, as he was not in custody at that time. ***See*** PCRA Court Opinion, 6/18/25, at 2-4; ***see also Miranda v. Arizona***, 384 U.S. 436 (1966). Further, Appellant's final two claims, asserting that there was insufficient evidence to support his conviction and insufficient proof that the weapon he admitted to owning was the one found by the officer, were either reviewed on direct appeal or could have been raised at that time, making these issues previously litigated or waived. ***See*** 42 Pa.C.S. § 9544(a)(2) (stating that "an issue has been previously litigated if … the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"); 42 Pa.C.S. § 9544(b) (stating that "[f]or purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/30/2026</u>