J-A02008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD SCOTT MORGAN | : | |
| | : | |
| Appellant | : | No. 1478 WDA 2024 |

Appeal from the PCRA Order Entered October 23, 2024
In the Court of Common Pleas of Butler County
Criminal Division at No: CP-10-CR-0000991-2011

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY STABILE, J.:                    **FILED: April 1, 2026**

Appellant, Ronald Scott Morgan, appeals from the order entered on

October 23, 2024, dismissing his petition filed pursuant to the Post Conviction

Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

This Court has previously set forth the background of this case:

> In May 2013, a jury convicted Appellant of one count each of possession of a controlled substance, possession of a small amount of marijuana, statutory sexual assault, aggravated indecent assault, indecent assault, endangering the welfare of children, and corruption of minors; two counts each of involuntary deviate sexual intercourse ("IDSI"); and 104 counts each of sexual abuse of children (photographing, videotaping, depicting on computer of filming sexual acts) and sexual abuse of children ([child sex abuse material]).
>
> The court sentenced Appellant to an aggregate term of 182 to 364 months of imprisonment.  After a hearing, the court also designated him an SVP and lifetime registrant under the Sexual Offender Registration and Notification Act ("SORNA").  Appellant timely appealed, but this Court denied relief.  ***See***

***Commonwealth v. Morgan***, [2015 WL 9263617] (Pa. Super. [filed Dec. 17,] 2015) (unpublished memorandum).

On January 12, 2017, Appellant timely sought collateral relief under the [PCRA], challenging the legality of his sentence and the effective assistance of [trial] counsel. Following a hearing, the PCRA court entered an order on May 21, 2018, [which] partially granted the petition and vacated Appellant's sentence because the mandatory minimum sentences imposed at the two IDSI convictions were illegal in light of ***Alleyne v. United States***, 570 U.S. 99 (2013). The PCRA court denied the petition in all other respects. Appellant timely appealed, but this Court denied relief [on the ineffective assistance of trial counsel claims]. ***See Commonwealth v. Morgan***, [2019 WL 4200952] (Pa. Super. [filed Sept. 5,] 2019) (unpublished memorandum).

On March 6, 2020, the court held a resentencing hearing and imposed the same aggregate sentence of 182 to 364 months of imprisonment[, and Appellant appealed.]

* * * *

We . . . vacated Appellant's [March 6, 2020,] sentence on the basis that "the sentencing court did not 'start afresh' but instead mechanically reimposed the same aggregate sentence without explanation as to why such a sentence was individualized to Appellant and without consideration of his conduct over the preceding six years." [***Commonwealth v. Morgan***, 258 A.3d 1147, 1159 (Pa. Super. 2021)]. On remand, we directed that "the sentencing court 'should start afresh' and 'reassess the penalty to be imposed' upon Appellant." ***Id.***

Following remand, a resentencing hearing was held on November 1, 2021[,] before the Honorable William R. Shaffer, who had presided over Appellant's trial and prior sentencings. On November 2, 2021, an order was filed that "re-affirmed [the March 6, 2020 sentence] with credit for time-served from May 22, 2013." Order, 11/2/21. Appellant filed a timely post-sentence motion seeking the vacatur of his sentence and recusal of Judge Shaffer for resentencing. On November 9, 2021, Judge Shaffer granted Appellant his requested relief by vacating the sentence, recusing himself, and reassigning the matter to the Honorable Timothy F. McCune.

> A sentencing hearing was held before Judge McCune on January 18, 2022 [and the court] imposed the same aggregate term of 182 to 364 months of imprisonment as had been imposed in the prior judgments of sentence. Appellant filed a post-sentence motion, which the court denied on January 21, 2022. Appellant then filed [a timely] appeal.

*Commonwealth v. Morgan*, 2022 WL 17826663 at \*1-\*3, (filed Dec. 21, 2022) (unpublished memorandum) (footnotes and unnecessary capitalization omitted). We affirmed the judgment of sentence. *See id.* Our Supreme Court denied Appellant's petition for allowance of appeal on June 8, 2023. *See* 15 WAL 2023.

On April 15, 2024, Appellant filed a *pro se* PCRA petition.[1] Per the PCRA court's direction, the Commonwealth filed a response. On September 16, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The petition was ultimately dismissed on October 23, 2024. This timely appeal followed.

Appellant raises the following issues for our review:

I. Whether private counsel William E. Stockey provided ineffective assistance as trial counsel when he allowed prosecutorial forum shopping; abandoned his client; failed to request a full suppression hearing, and allowed an ambitious jury instruction[.]

II. Whether private counsel Martin A. Dietz, provided ineffective assistance as direct appellate counsel when he failed to litigate pre-trial search warrant and confession issues only to pursue frivolous claims, then did not seek [allocatur] in the state supreme court after being paid to do so[.]

---

[1] The court conducted a *Grazier* hearing on June 24, 2024, following which Appellant was permitted to proceed *pro se*. *See* Order 6/24/24.

III. Whether attorney Martin A. Dietz, provided ineffective assistance as initial collateral review (PCRA) counsel when he defaulted substantive ineffective trial counsel claims then failed to subpoena trial counsel at the PCRA hearing to answer to ineffective allegations[.]

IV. Whether appointed appellate PCRA counsel, Joe Lansing Hills, provided ineffective assistance when he filed an **Anders**[2] brief without preserving claims of arguable merit within a concise statement[.]

V. Whether public defender Joseph L. Smith, provided ineffective assistance at sentencing when he failed to recognize the [sexually violent predator ("SVP")] designation had been previously vacated[.]

VI. Whether the court violated double jeopardy prohibitions by ignoring the prior sentence imposed and served on the same charges without awarding credit for time spent in custody[.]

Appellant's Brief, at xi-xii.

Before reaching the merits of Appellant's claims, we must determine whether he properly preserved them for appeal. "It is well-established that any issue not raised in a [Pa.R.A.P.] 1925(b) statement will be deemed waived for appellate review." **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citation omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Further,

an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. This Court explained in **Riley v. Foley**, 783 A.2d 807, 813 (Pa. Super. 2001), that Pa.R.A.P. 1925 is a crucial component of the appellate

_____

2 **Anders v. California**, 386 U.S. 738 (1967).

- 4 -

process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all").

*Id.* (some citations omitted).

Appellant raised the following issues in his Rule 1925(b) statement:

I.  Whether, the warrantless entry into, and search of Appella[nt]'s house, in the middle of the night without exigent circumstances, where the police altered hidden recordings and falsified documents, are fundamental violations of the U.S. Fourth Amendment right [against] unreasonable searches and seizures[,] and whether counsel's failure to litigate this properly preserved issue on direct appeal was reasonable?

II.  Whether the sentence Appellant lawfully served under the state intermediate punishment program prior to again being sentenced on the same charges, violates the U.S. Fifth Amendment constitutional prohibition on double jeopardy[.]

III.  Whether the court's granting of allowance, which permitted the perjured testimony of a state trooper, declaring that he had obtained a post-*Miranda*[3] confession, and the prosecutor's closing argument emphasizing this false confession, had an injurious effect on Appellant, and/or had a substantial negative influence on the jury's verdict, which violated Appellant's U.S. Fifth Amendment constitutional right to remain silent[,] and whether counsel's failure to litigate this properly preserved meritorious issue on direct appeal was reasonable[.]

IV.  Whether the prosecution's failure to conduct a formal arraignment to specify the location or date of any alleged

_____

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

criminal act, or otherwise inform him of the specific nature and cause of each accusation against him, violated the U.S. Fifth Amendment[.]

V. Whether trial on uncharged accusations which were alleged to have occurred in another state, outside of the judicial district and venue of trial court, amounts to forum shopping in violation of the U.S. Sixth Amendment right to an impartial jury of the vicinage of the state and district wherein the crime shall have been committed[,] and was counsel ineffective for not filing the requested petition for allowance of appeal on this issue to the Pennsylvania Supreme Court[.]

VI. Whether it is improper for a resentencing judge to rely on a prior court's adjudication of [SVP] status as a component of its sentence when the admittedly bias trial/sentencing judge recused himself after granting Appellant's post-sentence motion which challenged the SVP designation[,] and was counsel ineffective for not addressing this U.S. Fourteenth Amendment constitutional due process right[.]

Concise Statement of Matters Complained of on Appeal, 12/30/24.

From our review of the record, Appellant preserved the following issues, summarized for ease of discussion:

Appellate counsel

1. Whether counsel was ineffective by not challenging the denial of his suppression motion on direct appeal.

2. Whether counsel was ineffective by not raising issues relative to Appellant's purported confession on direct appeal.

3. Whether counsel was ineffective by not filing a petition for allowance of appeal to the Supreme Court of Pennsylvania regarding a challenge to the court's jurisdiction over the case.

Resentencing counsel

1. Whether counsel was ineffective by not challenging Appellant's SVP designation during the resentencing hearing.

- 6 -

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See e.g., Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted).

The PCRA court found that "[a]ll the issues raised on appeal . . . have been disposed of or should have been raised in pre-trial and/or post-sentence motions, or on appeal or in [Appellant's] first PCRA petition and are now waived." PCRA Court Opinion, 2/3/25, at 2.

This case presents a unique jurisdictional question regarding the timeliness of the issues raised in Appellant's PCRA petition. All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.[4] 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this

_____

[4] For an exception to apply, a petitioner must (1) plead and prove one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising the exception within one year from the date on which the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

- 7 -

Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claim." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by ***Small***, ***supra***). Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether Appellant's petition was timely before we are permitted to address the merits of the substantive claims. ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

The question before us is whether Appellant's resentencing "reset" his final judgment of sentence date for purposes of raising PCRA claims relative to the guilt phase, *i.e.*, the trial. In ***Commonwealth v. Lesko***, 15 A.3d 345 (Pa. 2011), our Supreme Court stated that Lesko's original judgment of sentence (which was imposed in 1981 and became final in 1984) was "final for all purposes except for that part of the final judgment that was disturbed by" the collateral relief proceedings, which in Lesko's case were federal *habeas* proceedings that resulted in Lesko's resentencing. ***Lesko***, 15 A.3d at 366. The ***Lesko*** Court stated, "[t]he resentencing that occurred as a result of the coercive federal *habeas* mandate did not purport to revive the claims that expired once the 1981 verdict of guilt became final." ***Id.*** The ***Lesko*** Court went on to explain, "[t]o allow Lesko to pursue a PCRA petition as of right to raise new guilt phase claims more than 25 years later, after a direct appeal, an of-right [PCRA] petition, and completed federal *habeas corpus* proceedings,

would render the [jurisdictional] time limitations of the PCRA meaningless."
***Id.*** at 366-367.

Thus, following resentencing, a petitioner has a right to pursue PCRA claims relative to the resentencing *only* and it does not affect the finality of claims relative to the guilt phase. ***See, e.g., Commonwealth v. Min***, 320 A.3d 727, 732 (Pa. Super. 2024); ***Commonwealth v. McAllister***, 2023 WL 8712125 (Pa. Super. filed Dec. 18, 2023)[5] (unpublished memorandum) (concluding that even though petitioner was resentenced, petitioner's PCRA claims relative to the guilt phase were untimely in accordance with ***Lesko***); ***Commonwealth v. Greenawalt***, 2024 WL 5103403 (Pa. Super. filed Dec. 13, 2024) (unpublished memorandum) (same).

Here, three of Appellant's four preserved issues relate to the guilt phase of his case. Those claims are untimely absent an exception to the time-bar.[6] Appellant does not assert any exception to the time-bar. Therefore, we find the claims relative to appellate counsel's effectiveness to be waived.

The remaining claim – that resentencing counsel was ineffective by not challenging the prior judge's determination that Appellant was a sexually

_____

[5] ***See*** Pa.R.A.P. 126(b) (non-precedential memoranda of this Court filed after May 1, 2019 may be cited for its persuasive value).

[6] Appellant's judgment of sentence became final on January 18, 2016, at the expiration of the time to file for allowance of appeal in the Supreme Court of Pennsylvania. Therefore, Appellant had one year – January 18, 2017 – to file a timely PCRA petition. The instant petition was filed on April 15, 2024, over seven years late; therefore, it is patently untimely.

violent predator during resentencing – is timely. As such, we proceed to address the merits.

Appellant asserts that when the court vacated his November 1, 2021, sentence, it also vacated his SVP designation. **See** Appellant's Brief, at 77. Therefore, he claims his resentencing counsel was ineffective by not raising the fact that Appellant's SVP designation was vacated. **See id.** at 80.

In Pennsylvania, counsel is presumed to have rendered effective assistance. **Commonwealth v. Orlando**, 156 A.3d 1274, 1281 (Pa. Super. 2017). To overcome this presumption, a petitioner must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. **Id.** Our Supreme Court has explained that:

> A chosen strategy will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.
>
> Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability, but for counsel's error, the outcome of the proceedings would have been different.

**Commonwealth v. Cox**, 983 A.2d 666, 678 (Pa. 2009) (citations omitted). If a petitioner fails to satisfy any one of the three prongs, the claim fails. **Orlando**, 156 A.3d at 1281. "Counsel will not be found ineffective for failing

to raise a meritless claim." ***Commonwealth v. Brown***, 196 A.3d 130, 151 (Pa. 2018).

Appellant was designated an SVP by separate order dated February 19, 2014. It was not part of any sentencing order. He challenged the designation on direct appeal on the grounds that the Commonwealth failed to present clear and convincing evidence. Appellant's SVP designation was affirmed. ***See Morgan***, 2015 WL 9263617 at *10. Years later, Appellant challenged his SVP designation as unconstitutional. The designation was again affirmed. ***See Morgan***, 258 A.3d at 1157, 1159. He challenged his designation a third time, and we concluded that "under the law of the case doctrine, we are bound by our prior ruling that Appellant's SVP designation does not violate Article I, Section 1 of our Constitution." ***Morgan***, 2022 WL 17826663 at *7.

Moreover, Appellant's argument that the court's November 1, 2021, sentencing order vacated his SVP designation is factually inaccurate. November 1, 2021, sentencing order merely re-affirmed the March 6, 2020, sentencing order, which did not include any reference to his SVP designation. Despite Appellant's belief to the contrary, his SVP designation was not vacated and remains constitutionally valid. As such, his resentencing counsel cannot be held ineffective for raising a meritless claim. ***See Brown***, ***supra.***

Order affirmed.[7]

_____

[7] "[W]here the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower

*(Footnote Continued Next Page)*

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/1/2026

---

court itself." **Commonwealth v. Lehman**, 275 A.3d 513, 520 n.5 (Pa. Super. 2022).